TITUS v. TITUS.

1. DIVORCE—COLLEGE EDUCATION OF CHILDREN.
    The Supreme Court should not attempt to dictate that the minor child of divorced parents should attend a college in this State.

2. SAME—COLLEGE EDUCATION OF MINOR CHILD.
    Provision of decree of divorce ordering defendant who had an annual income in excess of $10,000 to pay $800 per year for tuition, room and board of his daughter for collegiate education and $25 per month for her support and maintenance until she becomes 21 years of age held, fully supported by evidence both as to need and defendant's ability to pay.

    REID, J., dissenting in part.

Appeal from Washtenaw; Sample (George W.), J. Submitted March 12, 1945. (Docket No. 73, Calendar No. 42,985.) Decided May 14, 1945.

Divorce proceedings by Barbara Titus against Dean W. Titus. On petition to amend decree to provide for college education for minor child of the parties. Decree amended. Defendant appeals. Affirmed.

*Albert J. Rapp,* for plaintiff.

*Williamson & Ready,* for defendants.

REID, J. (*dissenting in part*). This is an appeal from a decree amending a divorce decree. The amendatory decree provided for college education

for a daughter of the parties, now about 20 years of age, at a cost of $800 per year. The provisions decreeing a divorce and alimony were left undisturbed.

It appears from the testimony of the daughter, Rosemary, that she is a graduate of Ann Arbor high school, having graduated in June, 1943; that she desires to continue her education and to take social service or kindergarten collegiate work; that she has no desire for business work or to take any business college training; that she is presently employed but has saved no money. She further testified that she had never discussed her ambitions to go to college with her father for the reason that she always felt uncomfortable with him; that her scholastic record in high school over a period of 4½ years was as follows: 2½ units which she averaged B; 10¾ units which she averaged C; 3¼ units which she averaged D; that her high school scholastic work was not sufficiently high to enable her to be admitted to the University of Michigan and that she had made no effort to gain admission to any Michigan school offering the same course as at Rockford College for Women at Rockford, Illinois, where plaintiff desires that Rosemary attend.

Plaintiff testified that Rockford College is noted for its good courses, and that the school is well directed, with a strong faculty, and Rosemary would be under close direction; also, that it is the most moderate-priced school that she knew of, and in her opinion the environment would be better for Rosemary in a strictly girls' school than at Michigan State College; that the tuition at Rockford College is $800 per year, including board and room, and that she did not wish her daughter to attend a co-educational school and that she believed the cost of

attending Michigan State College would be greater than that of attending Rockford College.

Rosemary's sole proficiency is in art, in which her standing was B.

Defendant and appellant claims Rosemary's scholastic record is not sufficiently high to warrant her being sent to college and that she has no aptitude for higher education.

Appellant also claims the trial judge was ·disqualified on the alleged ground that he had advised both parties to the cause concerning custody and support of the minor children, outside of the court room and in the absence of the other party, and that his refusal to grant a change ·of venue or call in an outside judge was error, and that he erroneously reopened a hearing in this matter and requested introduction of further evidence.

Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12739–1, Stat. Ann. 1944 Cum. Supp. § 25.97 [1]), provides as follows:

"The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody thereof to one of the parties or a third person until such children attain the age of 17 years and may require the husband to pay such allowance as may be deemed proper for their support until they respectively attain that age and may in its discretion in case of exceptional circumstances requiring the same, require payment of such allowance for any such child after he attains that age."

A petition alleging that a daughter of the parties, now about 20 years of age, a high school graduate, expresses a desire to receive higher education in college and that her mother approves thereof, makes a sufficient allegation of "exceptional circum-

stances'' to bring this case within the terms of the statute cited, at least to the extent of warranting a hearing of the petition so alleging and determination by the court of the necessity and advisability of providing her such educational opportunities. 17 Am. Jur. p. 531; 133 A. L. R. 911.

The showing as to the necessity and advisability of the daughter's attending college in the instant case is not highly satisfactory and is somewhat uncertain, but the only means of determining what would be the result is to try out the situation. If she shall fail to be received into a Michigan college, shall fail or cease to attend or shall fail to make a satisfactory showing of scholastic progress, the allowance must thereupon cease, and shall cease in any case upon her arrival at majority, and the order appealed from should have so recited and also, that the payments for that purpose should be made to the friend of the court.

As to the college to be attended, there is no sufficient reason shown for not endeavoring to have her admitted to Michigan State Normal College, located within a few miles of her home, or Michigan State College of Agriculture and Applied Science, located at East Lansing, or other colleges in this State.

We consider the amount of $800 per year not too great for appellant to pay in view of his income. A further showing should be made in the lower court as to the possibility of attendance at the colleges of this State. We conclude that attendance elsewhere need not be provided. If she shall be admitted to a Michigan college, the appellant shall pay to the friend of the court the expense thereof, not to exceed $800 per year, while she actually attends, and not after her arrival at majority.

In determining the dispute as to disqualification of the trial judge, we note in the record the statement that he, "admitted talking and counseling with both the plaintiff and appellee and the defendant and appellant between the year 1935 and 1943 relative to matters involving the decree of divorce and various amendments thereto." .

Minor children involved in a divorce suit are wards of the court granting the decree. *In re Austin's Estate,* 173 Mich. 47 (Ann. Cas. 1914D, 749); *Sims* v. *Sims,* 298 Mich. 491, 496. Hence the court is required to consider the material statements of the interested parties affecting the welfare of the children, at least so far as to ascertain the parties' claims, and may reopen a hearing and require further testimony which in the exercise of his discretion he shall find necessary.

Conceivably it could happen that some of the matters about which the parties speak to a judge are of incidental and unimportant nature, the answers to which would necessarily be so clear and certain that there need be no hearing nor any order on the subject involved. In this case, the trial judge is not to be treated as disqualified merely on the ground that upon being informed that Rosemary had graduated from high school and desired a college education, he ordered a hearing and taking of testimony on the necessity for ordering appellant to pay for such college education.

The record fails to show just what "counsel" the trial judge gave the parties. Appellant was surely in a position to put into the record what "counsel" the trial judge gave him so that we could determine whether it was of a disqualifying nature. Likewise, the "counsel" given appellee is not in the record. We cannot assume such "counsel" was of a nature to disqualify the trial judge, and we therefore find

that the trial judge was not disqualified to make the order appealed from.

A decree should be entered by this court affirming the decree appealed from, modified to conform to this opinion, and remanding the case for further proceedings in the lower court. Plaintiff shall have costs.

BOYLES, J. The amended decree appealed from makes no mention as to what educational institution Rosemary shall be compelled to attend. I do not agree that this court should attempt to dictate that she must attend a college in this State.

Under a former consent decree the defendant paid $825 per year until June 1, 1943, at about which time Rosemary became 18 years of age, graduated from high school, and desired to continue her education. No payments were made after June 1, 1943, up to the entry of the instant amended decree December 14, 1943. The record shows that the defendant has an average income in excess of $10,000 per year. The circuit judge decreed that he pay $800 per year for the tuition, room and board of Rosemary for collegiate education, and $25 per month for her support and maintenance, making a total of $1,100 per year, until she becomes 21 years of age, approximately 2½ years. The need for this amount was established by the proofs, and the ability of the defendant to pay it was likewise fully established. I see no occasion to reduce the amount or to remand for further testimony as to the ability of the defendant to pay. The decree is affirmed without modification, with costs to appellee.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J.