## MAPES *v.* MAPES.

1. DIVORCE—SUPPORT OF CHILD AFTER AGE 17—CONTINUANCE OF ED-
UCATION—EXCEPTIONAL CIRCUMSTANCES.

Fact that son of divorced parties was an honor student in high
school and desired to complete his high school education and
later to attend a university constituted exceptional circum-
stances to warrant an order of the court requiring the husband
to make payments for the maintenance of the child after age
17 (CL 1948, § 552.17a).

2. SAME—CONTINUANCE OF SUPPORT OF MINOR CHILD—EXCEPTIONAL
CIRCUMSTANCES—ADMISSIONS.

Admissions in defendant husband's answer to plaintiff wife's
petition for continuance of support of son of the parties after
he had reached age 17 to enable him to complete his edu-
cation obviated the necessity for taking proofs as to ex-
ceptional circumstances necessary to authorize court to make
order for continuance of payment of support (CL 1948, § 552.-
17a).

Appeal from St. Joseph; Jacobs (Theo T.), J.
Submitted January 9, 1953. (Docket No. 54, Calen-
dar No. 45,693.) Decided March 10, 1953.

Divorce proceedings by Elizabeth A. Mapes
against Howard M. Mapes. On petition of plaintiff
to amend decree to extend support for child. Decree
amended. Defendant appeals. Affirmed.

*Raymond H. Dresser,* for plaintiff.

*Leonard J. Weiner,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation § 701.
[1, 2] Power of court in divorce or separation suit to provide for
support of, or aid to, adult child, or to continue provision for
support after child attains majority. 162 ALR 1084.

Dethmers, C. J.  Plaintiff was granted a decree of divorce in February of 1947 awarding her custody of the parties' 12-year-old son.  For his support and maintenance defendant was required to pay $100 per month until the further order of the court. Defendant made such payments until December 26, 1951, when the son became 17 years of age, since which time defendant has paid nothing.  In April of 1952 plaintiff filed a petition for modification of the decree to require defendant to continue the $100 monthly payments until the son shall have finished his education.  The petition alleged that the son was 17 years of age, an honor student in his second semester in the eleventh grade in high school, that he would be eligible to enter and that he planned to attend the University of Michigan after high school graduation.  Defendant answered, admitting those allegations and further alleging that he had fostered and encouraged the son's plans to attend college and that he was willing to assume the financial obligations therefor.  When the petition and answer came on for hearing no proofs were offered, but counsel were heard and thereafter the court entered an order requiring defendant to continue the monthly payments from the date of the son's 17th birthday until he completes his high school education on June 1, 1953, or until the further order of the court.  Defendant appeals.

Defendant contends that the court's only authority for requiring him to continue payments for maintenance of the son after age 17 is to be found in CL 1948, § 552.17a (Stat Ann 1951 Cum Supp § 25.97[1]), and that, no proofs having been offered by plaintiff, she has failed to establish the existence of the "exceptional circumstances" required by that statute to be shown as a prerequisite to the court's exercise of that power.  The statute reads as follows: .

"The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody thereof to one of the parties or a third person until such children attain the age of 17 years and may require the husband to pay such allowance as may be deemed proper for their support until they respectively attain that age and may in its discretion in case of *exceptional circumstances* requiring the same, require payment of such allowance for any such child after he attains that age."

The effect of our holding in *Titus* v. *Titus*, 311 Mich 434, was that a showing that a 20-year-old daughter had finished high school and desired to receive a college education, and that her mother approved thereof, constituted a sufficient showing of "exceptional circumstances," under the statute, to warrant an order of the court requiring the husband to make payments for the maintenance of the daughter after age 17, to finance her education. The facts in the instant case, as disclosed by the allegations of the petition admitted by the answer, fall well within the meaning of the decision in *Titus*. The admissions obviated the necessity for taking proofs in support of the allegations of plaintiff's petition. *Detroit Trust Co.* v. *Smith,* 256 Mich 376.

Order amending decree affirmed, with costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.