## KEENEY *v.* KEENEY.

1. DIVORCE—PROPERTY SETTLEMENT—MODIFICATION OF DECREE.
  Property settlement provisions of a divorce decree or judgment may not be set aside, modified, or altered in the absence of fraud, duress, mutual mistake, or for such causes as any other final decree may be modified.

2. SAME—REHEARING—PROPERTY SETTLEMENT—FRAUD.
  Rehearing of action for divorce was properly denied defendant husband, where parties were present at final hearing and had expressed specific approval of property disposition in open court, petition for rehearing only reiterated same claims of fraud as had been made throughout the pleadings, and claim of new knowledge of actionable fraud, arising after judgment is unconvincing.

Appeal from Jackson; Simpson (John), J. Submitted October 9, 1964. (Calendar No. 28, Docket No. 50,658.) Decided March 1, 1965.

Complaint for divorce by Modell Keeney against Lloyd E. Keeney. Divorce granted. Defendant's motion for rehearing denied. Defendant appeals. Affirmed.

*Owen Dudley* (*H. Attix Kinch,* of counsel), for plaintiff.

*Haskell L. Nichols* and *Bruce A. Clark,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation § 719.

O'HARA, J. This is an appeal from an order denying a rehearing or in the alternative a new trial.

The action for divorce, while contested of record, resulted in a judgment for plaintiff, without contest. The divorce was granted and a property settlement was approved upon an oral stipulation on the record made on the hearing date, by the attorneys for the respective parties, both of whom were present. Each party stated, on the record, that each had heard the stipulated division of property and each was satisfied therewith. The judgment was entered November 12, 1963. It contained the stipulated settlement, which was detailed even to the division of pots and pans.

From inception of the action until hearing date, a variety of pleadings were filed. In many of them, including the answer, defendant charged plaintiff with secreting and wrongfully disposing of funds, ousting of defendant from operation of a nursing home business, maintained by the parties, depriving him of knowledge of such operation, conversion of funds, and other acts of similar character which allegedly precluded defendant from knowing the extent of property involved.

Additionally, defendant filed a prehearing motion to require plaintiff to permit defendant "inspection of all business records, accounts and ledgers." This petition was predicated on the claim that plaintiff had misappropriated funds belonging to the parties and had mismanaged their financial affairs.

Some 17 days after judgment, defendant, by new counsel, filed a motion for rehearing or new trial. This motion redenied guilt of extreme cruelty and claimed subsequently acquired knowledge that plaintiff had fraudulently concealed profits and a substantial sum of money.

The trial court filed an opinion in which he declined to grant the relief sought. We are in accord with his findings and quote in part from his decision:

"The pleadings filed by the defendant contain the same charges which he now makes in his motion for a rehearing or new trial. The counter complaint of defendant charged the plaintiff with secreting the business account, refusing him inspection and freezing him out of his interest in the business. His motion to compel production of business records and discovery charged the plaintiff with secreting all bank accounts, misappropriating funds and failing to produce an account of all income and disbursements belonging to the home. Defendant's answer to the complaint charged the plaintiff with removing funds, placing accounts in her sole name, secreting funds, mismanaging the business, coming into court with unclean hands. Defendant's petition for an order to show cause charged the plaintiff openly and admittedly of spending and diverting funds of the parties to her own personal use.

"In the face of these facts, the parties, together with their then counsel, appeared in open court and stipulated on the record an agreement settling their property matters. The plaintiff and defendant each acknowledged in open court their satisfaction with the property settlement, and the defendant, through his counsel, in open court stipulated and agreed that the plaintiff might proceed to a hearing in said cause without further notice to him or his counsel. Defendant further stipulated that he did not desire to participate in the hearing, whereupon the defendant and his counsel withdrew from the courtroom and the plaintiff proceeded to a hearing upon her original complaint."

While defendant urges in his motion for rehearing plaintiff's lack of grounds for divorce, it appears he seeks rehearing as to the property settlement only. The issue is not new and there is no paucity of authority on the precise question.

The property settlement provisions of a divorce decree or judgment may not be set aside, modified, or altered in the absence of fraud, duress, or mutual mistake, or for such causes as any other final decree may be modified. *Pierson* v. *Pierson,* 351 Mich 637; *Greene* v. *Greene,* 357 Mich 196; *Igrison* v. *Igrison,* 369 Mich 314. The latter case concerned a petition to modify a property settlement provision in a divorce decree rather than a request for rehearing, but the issue is not different in kind.

Defendant's alleged basis for relief here is fraud. However, as the trial court carefully noted, he only reiterated in his motion the same claims which he alleged throughout his pleadings. His present claim of new knowledge of actionable fraud, arising after judgment, is therefore unconvincing.

The parties to the case were both present at final hearing and both unequivocally expressed specific approval of the property disposition. Our case precedent would not be enriched by dwelling any further on the issue.

The order denying rehearing and for a new trial is affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred.