BIDDULPH *v*. BIDDULPH

DIVORCE—JUDGMENT—CHILD SUPPORT—MODIFICATION—EVIDENCE OF
MATERIAL CHANGE.

> Reduction of child support payments ordered in a judgment
> of divorce was error where there was no evidentiary show-
> ing of new facts demonstrating a material change in the
> condition of the parties arising since the judgment of divorce.

Appeal from Oakland, Robert J. Templin, J.
Submitted Division 2 March 3, 1970, at Lansing.
(Docket No. 7,326.)   Decided March 31, 1970.

Petition by Barbara Lynn Biddulph for an order
directed against Romney Brent Biddulph to show
cause why he should not be cited for contempt for
his failure to provide required child support.   De-
fendant petitions to modify child support provision
of the judgment of divorce.   Modification granted.
Plaintiff appeals.   Reversed.

*Buesser, Buesser, Snyder & Blank,* for plaintiff.

*Clarence L. Smith,* for defendant.

Before:   J. H. GILLIS, P. J., and DANHOF and
O'HARA,[*] JJ.

[*] Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

REFERENCE FOR POINTS IN HEADNOTE
25 Am Jur 2d, Divorce and Separation § 846.

PER CURIAM. On September 12, 1968, the trial court awarded the plaintiff-wife a judgment of divorce which provided, *inter alia,* that she was to have the care and custody of the two minor children of the parties hereto. Defendant was ordered to pay $60 per week per child for the support and maintenance of the children. Approximately six months after entry of the judgment of divorce, there was filed in plaintiff's behalf a petition for an order to show cause directed against the defendant requiring him to show cause why he should not be cited for contempt for his failure to provide the required child support. The petition requested further relief not pertinent to the instant appeal. Defendant-husband then filed a petition for modification of that portion of the divorce judgment which dealt with child support. Defendant alleged that there was a change in his financial condition which warranted a reduction in the amount of child support. Plaintiff filed an answer to the petition in which she denied that there was any change in circumstances which had occurred since the date of entry of the judgment.

On April 2, 1969, a hearing was held on the show cause. At this hearing the allegations set forth in defendant's petition for modification were read to the court by defendant's counsel. No testimony was offered by the defendant in support of these allegations. Twelve days later the circuit court entered an order modifying the judgment of divorce by reducing the support payments to $30 per week per child.

On appeal, plaintiff contends that in the absence of an evidentiary showing of new facts demonstrating a material change in the condition of the parties arising since the judgment of divorce the court could not reduce the support payments. 9 MLP, Divorce, § 202, p 649.

We agree that inasmuch as no evidentiary showing was presented in support of the defendant's allegations of a change in conditions the trial court erred in ordering a reduction in child support.  See *Verbeke* v. *Verbeke* (1958), 352 Mich 632; *Bernstein* v. *Bernstein* (1962), 365 Mich 491.

Reversed.  Costs to appellant.