HIBBARD v. HIBBARD

1. JUDGMENT—FINALITY.

A judgment is as final and complete when pronounced by the court as when it is entered and recorded by the clerk (GCR 1963, 522.1).

2. JUDGMENT—FINALITY—OPINION.

An opinion of the trial court granting a divorce and ordering a certain property distribution, and stating "a judgment may be entered in accordance with the foregoing opinion and may be presented for signature", was final and binding on the parties even though no formal judgment was ever signed or entered, and a later judgment in the same case providing a different property distribution was legally inoperative.

3. JUDGMENT—CONSENT JUDGMENT.

A consent judgment is not the judgment of the court, but essentially the judgment of the parties, effective only if they consent; therefore an alteration by the court of its former valid judgment after the parties had attempted to alter it by agreement but had failed could not be effective as a consent judgment where one of the parties objected.

4. JUDGMENT—APPEAL—ESTOPPEL.

The rule that approval of a judgment and acceptance of benefits under it estops a party from appealing it does not apply where a party in a divorce action accepts personal property as provided in the judgment but objects to the disposition of real property made by the judgment.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Judgments § 457.

Finality, for purposes of appeal, of judgment in Federal court which disposes of plaintiff's claim, but not of defendant's counterclaim, or vice versa. 147 ALR 583.

[3] 47 Am Jur 2d, Judgments §§ 897, 1080–1095.

[4] 47 Am Jur 2d, Judgments § 51.

Appeal from Midland, James R. Rood, J.   Submitted Division 1 June 4, 1970, at Grand Rapids. (Docket No. 6,830.)   Decided October 2, 1970.   Leave to appeal denied February 9, 1971.   384 Mich 802.

Complaint by Dorothy H. Hibbard against Billy B. Hibbard for divorce.   Judgment for plaintiff. Plaintiff appeals property settlement provisions. Reversed.

*Wilson & Stone,* for plaintiff.

*Fortino, Plaxton & Moskal,* for defendant.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS*, JJ.

PER CURIAM.   On appeal, plaintiff contests the property disposition made by the trial court in her divorce wherein she was granted an absolute divorce on the grounds of cruelty.   On January 13, 1969, plaintiff filed a motion for stay of execution concerning the sale of the marital home.   The motion was granted pending the outcome of this review.

The past history of the case has the following chronology: on March 28, 1968, the trial court, in a written opinion, granted the divorce and made a finding ordering the marital home, valued at $22,000, to be deeded to plaintiff with a lien of $14,260 in favor of defendant to be paid when the youngest child reached 18 or graduated.

This March 28 opinion stated, "a judgment may be entered in accordance with the foregoing opinion and may be presented for signature".   No formal judgment was ever signed or entered.   By petition, and agreement, the parties with counsel again appeared in court on August 15, November 27, and

* Circuit judge, sitting on the Court of Appeals by assignment.

December 30, 1968. The purpose of these hearings was to stipulate between the parties concerning child custody and property settlement. Finally, on December 31, 1968, the court caused a judgment of divorce to be entered. The real and personal property was to be divided equally. The residence was to be appraised and sold. Plaintiff was given the first option to purchase within a specified time; if she failed, defendant was given the option. In case neither made the purchase, the house was to be sold to the highest bidder with a split of the proceeds. The residence, as then appraised, reached a figure in excess of $40,000. The discrepancy in the property settlements made on March 28, 1968, and December 31, 1968, prompted this appeal. Instead of having the home with a lien of $14,260 until the youngest child reached 18 or graduated, plaintiff now finds, because of her financial condition, that immediate purchase is impossible and the residence will be lost. Plaintiff contends that the opinion of March 28, 1968, resulted in a valid judgment which is now *res judicata* and that the judgment of December 31, 1968, should be declared null and void because later hearings were so disorganized, confused, disjointed, and tense that they should be given no weight.

GCR 1963, 522.1, requires the clerk to prepare, sign and enter the judgment or order in accordance with the direction of the court and in accordance with its terms. A judgment is as final and complete when pronounced by the court as when it is entered and recorded by the clerk. *Lewis* v. *Wayne County Sheriff* (1953), 335 Mich 640. Relitigation may not be had of the same matters that have been previously litigated between the same parties to the point of final adjudication thereon. *Sovereign* v. *Sovereign* (1962), 366 Mich 681.

Plaintiff contends that the opinion of March 28, 1968, with the stated requirement that it be entered as a judgment made it a final and binding judgment. Therefore, the December 31, 1968, judgment, being subsequent and changing the parties' rights, became legally inoperative. We agree.

Fraud, duress or mutual mistake are not in evidence and therefore do not constitute a ground for interference. See *Igrison* v. *Igrison* (1963), 369 Mich 314; *Keeney* v. *Keeney* (1965), 374 Mich 660, 663; *Harbin* v. *Harbin* (1968), 12 Mich App 320, 323.

The lower court judgment of December 31, 1968, does not fulfill the requirements of a consent judgment. A consent judgment is not the judgment of the court, but essentially the judgment of the parties. *In re Estate of Meredith* (1936), 275 Mich 278; *Douzeff* v. *Soneff* (1951), 330 Mich 295. The parties must consent for the judgment to become effective. Although plaintiff and defendant attempted to obtain such a judgment through petition, argument, stipulation and agreement in open court, they failed. No effective property settlement was ever reached between the parties. Plaintiff objected and did not consent. The property disposition made by the court on December 31, 1968, was a court alteration of a former valid judgment and not an agreed or consent judgment of the parties.

*Burk* v. *Amos* (1933), 262 Mich 332, and *Westgate* v. *Adams* (1940), 293 Mich 559, hold that *approval* of a decree and acceptance of benefits thereunder estops the moving party from appeal. The first necessary element, "approval of decree", is missing. Plaintiff objected to the disposition made on December 31, 1968. Under these circumstances the rule stated in *Burk* and *Westgate* does not apply. Plaintiff's appeal is not lost through the acceptance of personal property assets.

The record indicates that the trial court made a valiant effort to have the warring parties stipulate to a judgment satisfactory to both and to end their litigation. Any alleged disorganization or confusion below of which plaintiff complains in this appeal was patently abetted and contributed to by plaintiff herself. She is in no position on appeal to ask this Court for any further relief. See *Socha* v. *Socha* (1970), 22 Mich App 8.

The December 31, 1968, judgment is vacated and a judgment based on the opinion of March 28, 1968, is ordered.

Costs on appeal to appellant.