TINKLE v TINKLE

Docket No. 49058. Submitted April 13, 1981, at Lansing.—Decided May 19, 1981.

Plaintiff, Dorothy D. Tinkle, and defendant, Harry E. Tinkle, were divorced in Oakland Circuit Court in 1979. The divorce was granted and the property divided pursuant to a property settlement agreement placed on the record in open court on September 6, 1979, with both parties and their counsel present. After the agreement had been placed on the record but before the judgment of divorce was signed and entered, plaintiff filed a petition to set aside the settlement judgment and to bring the matter on for trial, claiming that she had been under stress with medical problems aggravated by the divorce pressures so that she was unable to fully comprehend the settlement. After a hearing, the trial court held that the parties had knowingly and voluntarily entered into the settlement agreement and that, because there was no showing of fraud or mutual mistake, plaintiff was bound by her settlement agreement. Plaintiff's petition was denied and the judgment of divorce was signed, Hilda R. Gage, J. Plaintiff appeals. *Held:*

A consent judgment, as a general rule, cannot be set aside or modified except for fraud or mutual mistake. There is no claim of fraud or mutual mistake in this case and plaintiff has neither claimed nor proved that she was so insane or mentally ill as to lack capacity to make a binding property settlement agreement. The trial court did not abuse its discretion by finding plaintiff's claim to be without basis and there is nothing on the record to indicate that the property settlement agreement reached by the parties and their counsel is unconscionable.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
[1-3] 24 Am Jur 2d, Divorce and Separation § 423.
     47 Am Jur 2d, Judgments §§ 1089-1091.
     Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect. 91 ALR3d 1170.

1. JUDGMENTS — CONSENT JUDGMENTS — MODIFICATION OF CONSENT JUDGMENTS — DIVORCE — PROPERTY SETTLEMENTS.

A consent judgment, as a general rule, cannot be set aside or modified except for fraud or mutual mistake; property settlement provisions of a divorce judgment, insofar as they rest upon an agreement of the parties, come within the general rule.

2. DIVORCE — PROPERTY SETTLEMENTS.

A property settlement fully and completely agreed to by the parties to a divorce proceeding and placed on the record in open court partakes of the nature of a binding contract and the Court of Appeals will not reopen the proceeding to determine whether the parties' agreed-to property settlement is exactly the same as a court would have arrived at if the case had been fully tried on the merits.

3. DIVORCE — PROPERTY SETTLEMENTS.

Property settlements duly arrived at by the parties to a divorce and placed on the record in open court in the presence of counsel are entitled to a high degree of finality.

*Rodney W. Sabourin* (by *Dennis W. Cleary*), for plaintiff.

*Lawrence H. Best,* for defendant.

Before: BASHARA, P.J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. On December 5, 1979, plaintiff, Dorothy D. Tinkle, was awarded a judgment of divorce from defendant, Harry E. Tinkle. She appeals as of right.

The parties were married in 1941, and there were no minor children at the time of the divorce. Plaintiff is employed as a schoolbus driver, earning approximately $8,000 per year, and defendant is employed as a sales representative for an importer, earning slightly less than $17,000 per year. The divorce was awarded pursuant to a property settlement agreement placed on the record in open

court with both parties and their counsel present.[1] Plaintiff offered proofs in support of her complaint for divorce, acknowledging her agreement to the property settlement as part of her testimony as follows:

"*Q. [Plaintiff's attorney]*: Mrs. Tinkle, did you hear the property settlement, which I read fully on the record?
"*A.* Yes.
"*Q.* Do you understand that if the Judge grants the judgment of divorce, that those provisions would be incorporated into the judgment that was outlined—your right to the assets, forthwith, regarding all of the property, do you understand that?
"*A.* Yes.
"*Q.* And are you in agreement with that?
"*A.* Yes sir.
"*Q.* Do you understand that you do not have to settle this matter and that you have a right to have a trial before the Court—this Judge?
"*A.* Yes.

*    *    *

"*A.* Would you rephrase—
"*Q. (Interposing):* Do you understand that this is the end of the situation with regard to the property?
"*A.* Yes."

On completion of proofs, the trial judge awarded plaintiff a judgment of divorce and stated that the parties' property settlement "shall be the order of the court". On October 22, 1979, before the trial judge signed and entered the judgment of divorce, plaintiff filed a "petition to set aside settlement judgment and bring matter on for trial", claiming she had been under stress with medical problems

---

[1] In general, the property settlement agreement divided the marital property, reserved alimony and awarded her attorney fees.

aggravated by the divorce pressures so that she "was unable to fully comprehend" the settlement.

After a hearing, the trial court held that the parties had knowingly and voluntarily entered into the settlement agreement and that, as there was no showing of fraud or mutual mistake, plaintiff was bound by her settlement agreement.

The general rule is that a consent judgment cannot be set aside or modified except for fraud or mutual mistake.[2] Insofar as the property settlement provisions of divorce judgments rest upon agreement of the parties they come within the general rule. Prior to no-fault divorce, as a matter of public policy, under the divorce statutes the grounds for divorce could not be stipulated but had to be proved by competent evidence on the record. There is no claim here that fraud or mutual mistake was practiced by defendant on plaintiff. Neither does plaintiff claim nor prove that she was so insane or mentally ill as to lack capacity to make a binding property settlement agreement.[3]

With respect to her claim that her physical condition, taken together with the pressures of the divorce litigation, prevented her from comprehending that which she said she agreed to, we note that the trial judge, hearing both the divorce proceedings and the petition to set aside the settlement, found plaintiff's claim to be without basis. We decline to upset the trial judge's finding in that regard; she did not abuse her discretion.[4]

Last, plaintiff claims that another exception to the binding quality of consent judgments in di-

[2] *Kline v Kline,* 92 Mich App 62, 71; 284 NW2d 488 (1979), *Blaske v Blaske,* 33 Mich App 210; 189 NW2d 713 (1971).

[3] *Martin v Martin,* 105 Mich App 710; 307 NW2d 408 (1981), *Fansler v Fansler,* 344 Mich 569; 75 NW2d 1 (1956).

[4] *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App 210, 215; 238 NW2d 806 (1975).

vorce cases is where a property settlement is
inequitable, citing *Dougherty v Dougherty.*[5] In
*Dougherty,* the trial judge heard the divorce as a
contested matter, after which he made findings for
sale of the marital property and equal division of
the net proceeds. When plaintiff-wife moved to
amend the property settlement, the trial judge re-
reviewed his findings, decided he had inadver-
tently failed to give consideration to defendant's
liabilities and, therefore, amended the property
settlement. When his motion for new trial was
denied, defendant-husband appealed, claiming that
the property settlement first ordered by the trial
court was final and that it was error for the trial
court to modify it. This Court affirmed the modi-
fied property settlement except to give defendant-
husband additional time to complete removal of
nursery stock.

*Dougherty* is readily distinguishable from the
within case in that the divorce judgment was not
based upon the agreement of the parties. The use
of the expression "property settlement" to desig-
nate the disposition and division of property in
divorce judgments does not necessarily mean the
parties agreed or consented to the division. In
*Dougherty,* there was no consent or agreement to
the trial court's division of the property; rather, it
was the trial court's finding after hearing on the
merits. The *Dougherty* divorce decree[6] was final
and not subject to modification in the sense that
any decree or judgment is final and not subject to
modification.[7]

---

[5] 48 Mich App 154; 210 NW2d 151 (1973).

[6] The phraseology, "Divorce Judgment" was substituted for "Di-
vorce Decree" in the 1963 General Court Rules, which purported to
eliminate the distinction between law (judgment) and equity (decree).

[7] *Oknaian v Oknaian,* 90 Mich App 28; 282 NW2d 230 (1979),
*Kutchai v Kutchai,* 233 Mich 569; 207 NW 818 (1926).

On the other hand, the property settlement here was fully and completely agreed to by the parties on the record in open court. As such, it partook of the nature of a binding contract between the parties. Under such circumstances, we do not re-open the proceeding and attempt to discover whether the parties' agreed-to property settlement is exactly the same as a court would have arrived at if the case had been fully tried on the merits. Settlements, duly arrived at by the parties and placed on the record in open court in the presence of counsel, are entitled to a high degree of finality.

While we do not intend to review the equities of property settlements duly agreed to and placed on the record in open court where parties later attempt to renege on such agreements, we do note in this case that the record does not indicate anything unconscionable about the property settlement reached by the parties and their counsel.

Affirmed, with costs.