MADDEN v MADDEN

Docket No. 62924. Submitted October 8, 1982, at Lansing.—Decided
    April 19, 1983. Leave to appeal applied for.
    Plaintiff, William H. Madden, brought an action in the Oakland
      Circuit Court seeking a divorce from defendant, Susan G.
      Madden. On April 24, 1978, the date scheduled for trial in this
      matter, plaintiff testified concerning the breakdown of the
      marriage and the trial court, James S. Thorburn, J., awarded a
      judgment of divorce on the record. Such default judgment,
      which was signed and approved by both parties and their
      attorneys, was filed on July 18, 1979, and provided for monthly
      child support, the barring of permanent alimony, and for the
      division of the marital property at a later date. On September
      17, 1980, the trial court approved a property settlement which
      had been reached by the parties and read into the record on
      June 11, 1980. On December 3, 1980, the trial court denied
      defendant's motion to modify the property settlement and on
      November 6, 1981, the court granted plaintiff's motion to
      reduce his child support obligations. On February 10, 1982, the
      trial court denied defendant's motions to overturn the reduc-
      tion of child support order and to modify the divorce judg-
      ment's provision barring alimony. Defendant appeals from the
      orders regarding the property settlement, reduction of child
      support, and alimony. *Held:*

    1. The validity of property settlements reached through
    negotiations is generally upheld in the absence of fraud, duress,
    or mutual mistake. Here, defendant's claim of a unilateral
    mistake is insufficient to warrant equitable relief.

    2. Consent judgments reached by agreement of the parties

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 896, 897.

[2] 46 Am Jur 2d, Judgments § 765.

[3] 24 Am Jur 2d, Divorce and Separation § 846.

[4] 24 Am Jur 2d, Divorce and Separation § 281.

[5] 24 Am Jur 2d, Divorce and Separation § 845.

[6] 4 Am Jur 2d, Appeal and Error § 259.

  24 Am Jur 2d, Divorce and Separation § 827.

[7] 24 Am Jur 2d, Divorce and Separation § 330.

[8, 9] 24 Am Jur 2d, Divorce and Separation § 847 *et seq.*

differ from litigated judgments reached after trial on the merits. The former primarily rest on the consent of the parties, rather than upon the judgment of the court, and generally cannot be set aside without the approval of the parties thereto.

3. Unless the parties consent to a modification of child support payments, it is necessary that there be an opportunity for an evidentiary hearing on the peitioner's modification motion. Here, since the attorney for defendant agreed with plaintiff's contention that his wages had substantially declined, the trial court did not err by not conducting a further hearing.

4. Plaintiff presented sufficient evidence to support the reduction of child support. The defendant was not prevented from offering any evidence bearing upon the issue. The trial court's findings were adequate for the Court of Appeals to review.

5. The absence of a friend of the court report in the hearing on the motion for modification of child support payments after the divorce judgment was not a jurisdictional defect. Such motions may be referred to the friend of the court, but such referral is not required.

6. The trial court did not err in denying defendant's motion to modify the clause of the divorce judgment which barred permanent alimony. Where an absolute divorce is granted in which it is provided that no alimony shall be paid the judgment cannot be modified, absent fraud, to require one party to pay alimony to the other. Here, defendant did not claim that the no-alimony provision was included in the divorce judgment as a result of fraud, duress, or mutual mistake.

Affirmed.

M. J. KELLY, J., concurred with the majority on all the issues except for their resolution of the issue regarding the reduction of plaintiff's child support obligations. He would not agree that defendant's counsel's statement was equivalent to an agreement to waive an evidentiary hearing. He would hold that the trial court erred in ordering a change in existing child support payments without conducting an evidentiary hearing, without reviewing all relevant factors, and without issuing brief findings on all relevant factors. He would remand for reconsideration by the trial court as on rehearing granted. On reconsideration, he would place the burden on plaintiff, the petitioning party, to prove a sufficient change in circumstances to justify modification of the original support order.

OPINION OF THE COURT

1. DIVORCE — PROPERTY SETTLEMENTS — NEGOTIATIONS.

The validity of property settlements reached through negotiations in divorce actions is generally upheld in the absence of fraud, duress, or mutual mistake.

2. JUDGMENTS — CONSENT JUDGMENTS — LITIGATED JUDGMENTS — APPEAL.

Consent judgments reached by agreement of the parties to an action differ from litigated judgments reached after a trial on the merits; the former primarily rest on the consent of the parties, rather than upon the judgment of the court, and generally cannot be set aside without the approval of the parties thereto.

3. DIVORCE — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

A trial court may modify a child support order upon a sufficient showing of a change in circumstances by the petitioning party; however, unless the parties consent to such modification, it is necessary that there be an opportunity for an evidentiary hearing on the petitioner's modification motion (MCL 552.17; MSA 25.97).

4. DIVORCE — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT — FRIEND OF THE COURT — COURT RULES.

Absence of a friend of the court report in a hearing on a motion for modification of an order regarding child support payments after a divorce judgment is not a jurisdictional defect; such motions may be referred to the friend of the court, but such referral is not required (GCR 1963, 727.1).

5. DIVORCE — ALIMONY — MODIFICATION OF ALIMONY.

A judgment of divorce cannot be modified, absent fraud, to require one party to pay alimony to the other where an absolute divorce was granted in which it was provided that no alimony should be paid.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY M. J. KELLY, J.

6. DIVORCE — CHILD SUPPORT — PRESUMPTIONS — APPEAL.

*A trial court's decision in child support matters is presumed to be correct; the Court of Appeals gives grave consideration to the findings of the trial court in such matters.*

7. DIVORCE — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

*A trial court must hold an evidentiary hearing before a modification in child support obligations is ordered in the absence of an agreement of the parties; there must be a record of that*

*hearing and the judge should place on the record a brief finding
of the basis of his decision, even though findings of fact are not
required on motions generally; the failure to hold such an
evidentiary hearing prior to the modification of existing child
support obligations is an abuse of the trial court's discretion, in
the absence of an agreement by the parties to the contrary.*

8. DIVORCE — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

*All factors relevant to child support must be considered in
determining whether existing child support obligations should
be modified; the supporting party's ability and potential to earn
money are factors relevant to such a determination, however,
the isolated consideration of income in deciding a motion for
modification of existing child support obligations is error.*

9. DIVORCE — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

*The burden is placed on the petitioning party to prove a sufficient
change in circumstances to justify a modification of an original
child support order; both parties should be allowed to present
evidence on all factors relevant to child support at a hearing on
whether a modification is justified.*

Susan G. Madden, *in propria persona.*

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. On November 4, 1977, plaintiff, William H. Madden, filed a complaint for divorce against defendant, Susan G. Madden. On April 24, 1978, the date scheduled for trial in this matter, plaintiff testified concerning the breakdown of the marriage and the trial court awarded a judgment of divorce on the record. It was not until July 18, 1979, that the default judgment was filed. This judgment, which was signed and approved by both parties and their attorneys, provided for, among other things, (1) monthly child support in the amount of $242 per child, (2) the barring of permanent alimony, and (3) the division of the marital property of the parties to be made at a later date. Finally, on September 17, 1980, the trial court

* Circuit judge, sitting on the Court of Appeals by assignment.

approved a property settlement which had been reached by the parties and read into the record on June 11, 1980.

During this time, numerous pleadings were filed and motions heard in regard to temporary support orders, attorney fees, and attempts to have the default judgment of divorce and property settlement entered. On December 3, 1980, the trial court denied defendant's motion to modify the property settlement. On November 6, 1981, the trial court granted plaintiff's motion to reduce his child support obligations. On February 10, 1982, defendant's motions to overturn the reduction of child support order and to modify the divorce judgment's provision that barred alimony were denied. From the foregoing three orders, defendant appeals as of right.

During this prolonged domestic matter, defendant was represented at various times by three attorneys, and she appeared *in propria persona* on several occasions. On appeal, defendant maintains that the trial court erred by (1) denying her motion to set aside the property settlement, (2) granting plaintiff's motion to reduce his child support payments, and (3) denying her motion to attack the divorce judgment's no-alimony clause.

The property settlement herein, which, as previously indicated, was placed on the record on June 11, 1980, was approved by defendant's counsel. Thereafter, defendant sought to modify the agreement on the basis that, before she entered into the settlement, she believed, mistakenly, that her medical expenses would be paid for by her health insurance company.

The validity of property settlements reached through negotiations is generally upheld in the

absence of fraud, duress, or mutual mistake.[1] Consent judgments reached by agreement of the parties differ from litigated judgments reached after trial on the merits. The former primarily rest on the consent of the parties, rather than upon the judgment of the court, and generally cannot be set aside without the approval of the parties thereto.[2] In the within matter, defendant's claim of a unilateral mistake is insufficient to warrant equitable relief.[3]

Secondly, defendant maintains that the trial court erred in reducing plaintiff's child support payments, because it failed to conduct an evidentiary hearing. The record reflects that plaintiff sought a modification of his child support obligations from $484 per month for the two children to $37.50 per child per week on the basis of a significant decrease in his salary. At the hearing on the motion, plaintiff presented wage stubs which supported his claim of a change of financial condition. While not disputing plaintiff's claim of reduced earnings, defendant's attorney requested that child support be set at a weekly amount not less than $50 per child.

MCL 552.17; MSA 25.97 provides a trial court with statutory authority to modify a support order upon a sufficient showing of a change in circumstances by the petitioning party. Unless the parties consent to a modification of child support payments, it is necessary that there be an opportu-

---

[1] *Tinkle v Tinkle,* 106 Mich App 423; 308 NW2d 241 (1981); *Pierson v Pierson,* 351 Mich 637, 645; 88 NW2d 500 (1958); *Keeney v Keeney,* 374 Mich 660, 663; 133 NW2d 199 (1965); 9A Michigan Law & Practice, Divorce, § 141, pp 356-360.

[2] *In re Estate of Meredith,* 275 Mich 278, 289; 266 NW 351; 104 ALR 348 (1936); *Hibbard v Hibbard,* 27 Mich App 112, 115; 183 NW2d 358 (1970).

[3] See *Newton v Security National Bank of Battle Creek,* 324 Mich 344, 354; 37 NW2d 130 (1949).

nity for an evidentiary hearing on the peititoner's modification motion.[4]

In the within matter, we conclude that, since the attorney for defendant agreed with plaintiff's contention that his wages had substantially declined, the trial court did not err by not conducting a further hearing.[5] There is no indication that defendant was prevented from offering any evidence bearing upon the issue. We are satisfied that plaintiff presented sufficient evidence to support the reduction of child support to the sum of $49 per week per child, and that the trial court's findings, while brief, were adequate for this court to review.

Defendant further alleges that error occurred as a result of the trial court modifying the child support payments without having the benefit of a friend of the court report. This issue was resolved adversely to defendant in *Eigner v Eigner:*[6]

"A friend of the court report was not filed in this case. The defendant argues that the omission is a jurisdictional defect, much as lack of notice to the county prosecutor is a jurisdictional defect. We do not agree.

"General Court Rules 723.2 and 727.1 refer to the commencement of divorce actions and not to motions for modification of the original divorce decree. Rule 727.1 specifically provides that 'All motions *may* be referred to the Friend of the Court for investigation and recommendation.' (Emphasis added.) Hence, after the original divorce decree is issued, all motions for modification may be referred to the friend of the court, but such action is not required by either the relevant statutes or the general court rules. Of course, individual

---

[4] *Hakken v Hakken,* 100 Mich App 460, 464; 298 NW2d 907 (1980); *Biddulph v Biddulph,* 23 Mich App 105, 107; 178 NW2d 132 (1970); 9A Michigan Law & Practice, Divorce, § 234, pp 460-461.

[5] See *Mapes v Mapes,* 336 Mich 137, 139; 57 NW2d 471 (1953).

[6] 79 Mich App 189, 200-201; 261 NW2d 254 (1977).

courts may impose this requirement if they so desire. (See, *e.g.,* Wayne County Circuit Court Rule 10.1)."

Defendant also attacks the trial court's denial of her motion to modify the clause of the divorce judgment which barred permanent alimony. We note that defendant did not claim that the provision was included as a result of fraud, duress, or mutual mistake. It is a well-established doctrine in our state that where an absolute divorce is granted in which it is provided that no alimony shall be paid the judgment cannot be modified, absent fraud, to require one party to pay alimony to the other.[7] Accordingly, error was not occasioned by this ruling.

After reviewing the remaining issues raised by defendant on appeal, we find them to be without merit.

Affirmed.


M. J. KELLY, J. *(concurring in part and dissenting in part).* This case involves a troubling procedural occurrence at the lower court level. Defendant-appellant appears before this Court *in propria persona.* The record reveals that plaintiff appeared before the trial court on October 23, 1981, seeking a reduction in his child support obligations, due to a change in his financial circumstances. Defendant's attorney informed the court that she had "had an opportunity to see the wage stubs for Mr. Madden and they do show his income as being lowered from the amount it was at the time he obtained the divorce". The trial court then ordered a reduction in plaintiff's child

---

[7] *Moross v Moross,* 129 Mich 27, 29-31; 87 NW 1035 (1901); *Mack v Mack,* 283 Mich 365, 367-368; 278 NW 99 (1938); *Copeland v Copeland,* 109 Mich App 683, 686; 311 NW2d 452 (1981); 9A Michigan Law & Practice, Divorce, § 120, p 317.

support payments. Defendant immediately requested to address the court. When the court instructed defendant to make her statement to her attorney, defendant responded that she had made her statement to her attorney but that her attorney "refuses to bring the matter up". When the court consented to allow defendant to speak, defendant alleged that plaintiff had not "lost his job" but had gone into business with another man. Defendant wife alleged that she had looked into her former husband's situation and had found that he "would not have any difficulty at all securing a job in the $40,000 range, which is approximately what he made last year". The court replied that it could not force plaintiff to hold a $40,000 per year job and further discussion was apparently cut off.

Thereafter, on January 27, 1982, defendant, without assistance of counsel, appeared before the trial court and moved for a rehearing on the court's decision to reduce the child support payments and requested that the court conduct a full evidentiary hearing. Her requests were denied.

Due to the remoteness of this Court from the parties and witnesses in a child support controversy, it has sometimes been observed on appellate review that "in child support matters the lower court's decision is presumed correct". See, *e.g.,* *Hakken v Hakken,* 100 Mich App 460, 464; 298 NW2d 907 (1980). Thus, "grave consideration" is given to the findings of the trial court. *Jacobs v Jacobs,* 118 Mich App 16, 20; 324 NW2d 519 (1982). Notwithstanding this deference to the trial court in child support matters,

"[t]he law is clear that the court must hold an evidentiary hearing before a modification in support is ordered in absence of agreement of the parties. There must be a record of that hearing. The judge should

place on the record a brief finding of the basis of his decision, even though findings of fact are not required on motions generally." *Hakken, supra,* pp 464-465.

In the absence of an agreement by the parties to the contrary, the failure to hold an evidentiary hearing as to whether there has been a sufficient change in circumstances to justify a modification of existing child support obligations is an abuse of the trial court's discretion. See, *e.g., Jacobs, supra,* p 21.

The majority reasons that a statement of defendant's attorney, that she "had an opportunity to see the wage stubs for Mr. Madden and they do show his income as being lowered", was in some way an agreement to waive an evidentiary hearing. This analysis is contraindicated by the defendant's actual statement to the court, her express dissatisfaction with her attorney's refusal to speak for her, and her timely motion, made *in propria persona,* for rehearing wherein she expressly requested an evidentiary hearing. An involuntary or forced waiver is no waiver at all and defense counsel's statement contains neither the word agreement nor the word waiver. I do not find counsel's statement to be the equivalent of an agreement to waive an evidentiary hearing.

At most, the statement of defendant's attorney might constitute a waiver of the necessity of requiring that plaintiff prove that his income from his current job had declind. However, the isolated consideration of income in deciding a motion for modification of existing child support obligations is error. *McCarthy v McCarthy,* 74 Mich App 105, 109; 253 NW2d 672 (1977); accord, *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980); *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972). All factors relevant to child

support must be considered. *Jacobs, supra,* p 20. Indeed, even the supporting party's ability and potential to earn money are factors relevant to whether existing child support obligations should be modified. *Hakken, supra,* p 466; *Rutledge, supra,* p 625.

It was error for the trial court to proceed to order a change in existing child support payments without conducting an evidentiary hearing, without reviewing all relevant factors, and without issuing brief findings on all relevant factors. This case should be remanded for reconsideration by the trial court as on rehearing granted. On reconsideration, the burden should be on plaintiff, the petitioning party, to prove a sufficient change in circumstances to justify a modification of the original support order. See *Beverly v Beverly,* 112 Mich App 657, 661; 317 NW2d 213 (1981). At the hearing, both plaintiff and defendant should be allowed to present evidence on all factors relevant to child support. See *Beverly, supra,* p 662.

I concur with the majority's resolution of the remaining issues.