HILLEY v HILLEY

Docket No. 77715. Submitted January 9, 1985, at Lansing.—Decided February 5, 1985.

Plaintiff, Shirley A. Hilley, filed a complaint for divorce against defendant, Gorda L. Hilley, in Genesee Circuit Court. The parties agreed to a property settlement, which was placed on the record. Plaintiff subsequently retained a different attorney, who moved to set aside the property settlement on grounds that plaintiff did not fully understand the terms of the settlement and was convinced that defendant had defrauded her and the court. The motion was denied and a judgment of divorce encompassing the agreement was entered, Harland R. Caswell, J. Plaintiff appealed. *Held:*

1. Plaintiff failed to prove fraud on the part of defendant and plaintiff's misunderstanding of a part of the settlement agreement is no basis for setting aside the agreement. The trial court was correct in entering a judgment of divorce encompassing the agreement.

2. The trial court did not err in refusing to set aside the property settlement when plaintiff alleged that defendant had defrauded her and the court. No evidence of fraud was presented to the court.

3. The trial court did not err by not removing the conditions of remarriage or cohabitation with another man as a reason for the termination of the award of alimony. The court only approved what plaintiff had agreed to as part of the property settlement.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 6] 46 Am Jur 2d, Judgments §§ 709, 717, 765.

[2, 3, 6] 24 Am Jur 2d, Divorce and Separation §§ 817, 831 *et seq.*

[3, 6] 24 Am Jur 2d, Divorce and Separation § 836.

[4] 24 Am Jur 2d, Divorce and Separation § 831.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

[5] 24 Am Jur 2d, Divorce and Separation § 948.

1. JUDGMENTS — CONSENT JUDGMENTS — MODIFICATION OF JUDG-
   MENTS.

   A consent judgment, as a general rule, cannot be set aside or
   modified except for fraud or mutual mistake.

2. DIVORCE — PROPERTY SETTLEMENTS.

   Property settlements duly arrived at by the parties to a divorce
   and placed on the record in open court in the presence of
   counsel are entitled to a high degree of finality.

3. DIVORCE — PROPERTY SETTLEMENTS — NEGOTIATIONS.

   The validity of property settlements reached through negotiations
   is generally upheld absent a showing of fraud, duress or mutual
   mistake.

4. DIVORCE — PROPERTY SETTLEMENTS — UNILATERAL MISTAKE —
   MODIFICATION OF JUDGMENTS.

   Unilateral mistake is insufficient to warrant a modification of a
   judgment of divorce based upon a negotiated property settle-
   ment between the parties.

5. DIVORCE — ALIMONY — FUTURE RETIREMENT BENEFITS.

   The fact that alimony is awarded in lieu of future retirement
   benefits does not automatically convert such alimony into
   alimony in gross.

6. DIVORCE — PROPERTY SETTLEMENTS — MODIFICATION OF JUDG-
   MENTS.

   Mere allegations of fraud without some factual evidence of fraud
   are insufficient to set aside a negotiated property settlement
   placed on the record in open court in a divorce action.

*Otis M. Underwood, Jr.,* for plaintiff.

*Hatchett, DeWalt, Hatchett & Hall* (by *Elbert L. Hatchett),* for defendant.

Before: ALLEN, P.J., and J. H. GILLIS and W. J. GIOVAN,* JJ.

PER CURIAM. Plaintiff filed a complaint for di-
vorce in the Genesee County Circuit Court on
August 25, 1982. Defendant filed his answer and
countercomplaint on August 27, 1982. Plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sent interrogatories to defendant on October 6, 1982, and defendant filed his answer to the interrogatories on December 3, 1982. A trial date of August 12, 1983, was set. The location of the trial was changed from Genesee County Circuit Court to the 67th District Count in Grand Blanc. On the date set for trial, the parties placed an agreement on the record before District Judge Harland R. Caswell, acting as circuit judge in Judge McAra's absence.

Because the parties did not totally agree on three aspects of the property settlement, three short recesses were taken. The first occurred when plaintiff announced that she did not agree to the marital home's being inspected by defendant's representative. The second occurred when plaintiff did not agree that all of the bank accounts should be defendant's property, because she believed that defendant had secret bank accounts which he had not disclosed to her or to the court. Plaintiff presented no proof that such bank accounts existed or that defendant had failed to disclose the accounts to the court. Finally, defendant had to be reminded that his daughter would be the sole beneficiary on his life insurance policy until her eighteenth birthday.

Another part of the agreement was that plaintiff would receive alimony at $90 per week, which represented her equitable share of defendant's retirement pension program with General Motors Corporation. On cross-examination, plaintiff further agreed that her alimony would terminate upon her remarriage or upon attaining age 62. It is this part of the agreement to which plaintiff objects in particular. The judge at the conclusion of the hearing asked each of the parties if that was their agreement, and they both responded affirmatively.

On September 11, 1983, plaintiff obtained another attorney. Nine days later defendant moved for entry of the written judgment. On January 19, 1984, plaintiff's attorney moved to set aside the property settlement on grounds that "plaintiff was not in full understanding· of the terms of the settlement as evidenced by the transcript of those proceedings and, further, is firmly convinced that the defendant has defrauded her and the Court of a substantial sum by way of bank accounts and other deposits that were secreted for many years".

The motion was heard and denied on February 29, 1984, the court stating:

"Even though Mrs. Hilley suspects fraud on the part of her former husband and even though a Circuit Judge in Oakland County found Mr. Hilley's brother had committed fraud, I don't believe that I have the right to assume that a litigant has committed fraud; there's no evidence of that before the Court; and I'm not going to make such a presumption. If Mrs. Hilley felt there were assets—hidden assets—further discovery could've been conducted to determine whether or not Mr. Hilley did conceal assets.

"There was plenty of time. There was no request for an adjournment on that trial date, if I recall. I think every term that—ah—or every issue that was brought up was placed on record; and according to the record, both parties understood and agreed.

\* \* \*

"The parties put on record what the settlement was. Both indicated they understood and agreed to the settlement. Neither party, prior to my announcing the judgment as being final, indicated that they wished to withdraw, as was the case in *Hibbard.*

"In my opinion, and it's consistent with the *Hibbard* case, the judgment was final and complete when it was announced from the Bench; and I don't believe that I have the authority at this point to set it aside. Therefore, the motion is denied."

Three issues, hereinafter discussed, are raised on appeal.

I. *Did the trial court err in refusing to set aside the property settlement when the terms were ambiguous as to alimony and fraud was alleged to have occurred?*

The general rule is that a consent judgment cannot be set aside or modified except for fraud or mutual mistake. *Kline v Kline,* 92 Mich App 62, 71; 284 NW2d 488 (1979). When a property settlement is placed on the record in open court in the presence of counsel, the agreement shall receive a high degree of finality. *Tinkle v Tinkle,* 106 Mich App 423, 428; 308 NW2d 241 (1981). The validity of property settlements reached through negotiations is generally upheld absent a showing of fraud, duress or mutual mistake. *Madden v Madden,* 125 Mich App 54; 336 NW2d 231 (1983), *rev'd on other grounds* 419 Mich 858 (1984). Unilateral mistake is insufficient to warrant a modification of a judgment. *Madden,* p 59.

It appears clear from the record that defendant and plaintiff both agreed to the property settlement as it was placed on the record. The trial court allowed the attorneys ample time to discuss with their clients the meaning of a clause whenever the parties stated that they did not understand it. Finally, after the parties were finished placing their stipulation on the record, the court asked the parties if they were satisfied with the agreement as stated, and both plaintiff and defendant answered affirmatively.

Plaintiff failed to prove any fraud on the part of defendant. The fact that plaintiff apparently initially misunderstood the alimony provision of the agreement is no basis for setting aside the agreement. Plaintiff is at most arguing the existence of a unilateral mistake, and this Court does not

consider a unilateral mistake sufficient to modify a previously negotiated agreement. *Madden, supra.* The parties had agreed on all the issues and the trial court was correct in entering a judgment of divorce which encompassed that agreement.

II. *Did the trial court err in refusing to set aside the property settlement when fraud was alleged to have occurred?*

Plaintiff's argument on this issue primarily rests on the distinction between alimony in gross and general alimony. It is plaintiff's claim that because the alimony was in exchange for plaintiff's share of her husband's pension benefits, it is alimony in gross rather than general alimony as stated in the judgment of divorce. However, in *Perry v Perry,* 133 Mich App 453; 350 NW2d 275 (1984), general alimony was the device by which a wife was awarded an interest in her husband's pension. Merely because alimony is awarded in lieu of future retirement benefits does not automatically convert such alimony into alimony in gross.

Plaintiff also alleges fraud regarding secret bank accounts. This issue was addressed during the hearing on plaintiff's motion to set aside the property settlement. As explained in issue I, *supra,* the trial court found that although Mrs. Hilley suspected fraud "there's no evidence of that before the Court". Plaintiff had one year from the time she filed her complaint for divorce until the case went to trial. She did not find any evidence of fraud during that entire time. Plaintiff subsequently hired a new attorney in September of 1983, yet he failed to provide any evidence of fraud at the hearing to set aside the property settlement in January of 1984. Plaintiff had ample time to substantiate her allegations of fraud on the part of defendant, but never could.

Since plaintiff could not actually show any

fraud, she argues that defendant's denial of the
alleged secret bank accounts should not be be-
lieved because defendant should not be believed.
This claim is based on the fact that in defendant's
brother's divorce proceeding there was some testi-
mony about the instant defendant having some
money to build a house for the brother, and the
judge in that action apparently did not believe
defendant's testimony.[1] That testimony hardly sup-
ports proof of fraud in the instant case.

Since fraud was alleged but no evidence was
presented to substantiate the claim, this Court
should not modify the agreement previously en-
tered into between the parties. Mere allegations of
fraud absent some factual evidence are insuffi-
cient. *Ferrara v Ferrara,* 16 Mich App 661; 168
NW2d 475 (1969). The decision of the trial court in
refusing to set aside the property settlement was
proper.

III. *Did the trial court err by not removing the
conditions of remarriage or cohabitation with an-
other man as conditions for the termination of the
award of alimony?*

On this issue plaintiff argues that because plain-
tiff understood that the award of alimony was to
offset her share of defendant's retirement benefits,
the alimony became part of the property settle-
ment and, as an interest in *property,* is not subject
to modification by the court in the absence of
fraud. *Oknaian v Oknaian,* 90 Mich App 28, 36-37;
282 NW2d 230 (1979). Plaintiff further argues that
the provision is ambiguous. We disagree on three
grounds.

First, it was not the court that made the alleged

---

[1] Defendant's brother's case, to which plaintiff referred, has twice
been before this Court. *Hilley v Hilley* (Docket No. 60850, decided
October 1, 1982 [unreported], and subsequent unreported opinion
after remand by the Supreme Court decided February 7, 1985).

"modification". Instead it was plaintiff herself who stated that alimony would cease upon her remarriage. The trial court did no more than approve the agreement as affirmed by the parties in open court.

Second, the award of alimony only becomes a property interest if the award is alimony in gross rather than general alimony. For all the reasons explained in issue II, the stipulated provision regarding alimony was not alimony in gross. Plaintiff was not awarded a fixed sum, nor were her payments to continue for a fixed period of time. Her alimony was regular, not in gross. Accordingly, it was not an interest in property.

Third, there is nothing that is ambiguous about the alimony award. The language in the judgment is clear, concise, and straightforward and precisely reflects the agreement of the parties as stipulated to in open court.

In conclusion, the trial court did not err in entering the judgment and the court's decision to deny plaintiff's motion to set aside the property settlement is hereby affirmed. Costs to defendant.