### BALLENTINE *v.* BALLENTINE.

1. DIVORCE—ALIMONY—DECREE.
   A court is powerless to grant alimony in the future following final decree of absolute divorce in which no provision is made for alimony or the question is not reserved.

2. SAME—ALIMONY—MODIFICATION OF DECREE.
   Decree of absolute divorce in which no provision was made for alimony to wife who had supported defendant husband while he was a medical student, interne and resident for specialized training is modified to require husband to pay $10 per month alimony to plaintiff until further order.

Appeal from St. Clair; Kane (Edward T.), J. Submitted June 2, 1959. (Docket No. 10, Calendar No. 47,759.) Decided July 13, 1959.

Bill by Rosemary M. Ballentine against Charles N. Ballentine for divorce. Decree for plaintiff. Plaintiff appeals asking provision for alimony presently and reservation of question for the future. Decree modified and amended accordingly.

*Walsh, O'Sullivan, Stommel & Sharp,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 710.
[2] 17 Am Jur, Divorce and Separation § 715.

Voelker, J. The appellant obtained a divorce from her husband on the grounds of extreme cruelty. The parties were married in 1944 while students at the University of Michigan and their only child, a daughter, was born in 1946. The proofs below also showed that the wife devoted most of an inheritance from her grandfather to support the defendant and their daughter during the husband's medical studies and later during his internship and a rather extensive series of residencies for specialized medical training; and that following the separation of the parties in 1952 the plaintiff was obliged to go to work to support herself and the child.

In his decree below granting the plaintiff and appellant her divorce the chancellor made some provision for support of the child, the custody of which he awarded the mother. He did not, however, make any provision for alimony or reserve the question for possible future consideration, expressing the opinion that he felt both parties would be better off if they were forever freed from any possible future ties and obligations, one to the other.

We have frequently held that where an absolute divorce is granted and no provision is made for alimony or the question is not reserved, the court is powerless to grant any alimony in the future. See *Moross* v. *Moross,* 129 Mich 27; *Mack* v. *Mack,* 283 Mich 365 and *Marrobie* v. *Marrobie,* 334 Mich 447 for typical cases.

Making all due allowance for the present financial situation of the defendant, and his present distaste for the loyal wife who supported him while he got his education, we think the chancellor might have reached a fairer result had he not under the circumstances permanently foreclosed the question of possible future alimony. The decree below may accordingly be modified and amended so as to re-

quire that the defendant pay $10 per month alimony to the plaintiff until the further order of the court. Costs to plaintiff.

DETHMERS, C.J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.