FERRERA *v.* FERRERA

1. DIVORCE—JUDGMENT—AMENDMENT—ALIMONY.
   A court is without power to grant alimony in subsequent proceedings following final judgment of absolute divorce in which alimony is denied.

2. DIVORCE—JUDGMENT—AMENDMENT—PROPERTY SETTLEMENT.
   Courts may not modify a property settlement embodied in a final judgment of divorce except on a showing of fraud; therefore the trial court's denial of plaintiff's motion to amend the property settlement in her judgment of divorce was proper where plaintiff alleged fraud but failed to set forth any facts which would support such an allegation.

Appeal from Wayne, Carl M. Weideman, J.   Submitted Division 1 March 4, 1969, at Detroit.   (Docket No. 6,378.)   Decided March 27, 1969.

Complaint by Francesca Ferrera against Rocco Ferrera for divorce.   Divorce granted and property settlement decreed.   Plaintiff moves to amend judgment of divorce.   Motion denied.   Plaintiff appeals. Affirmed.

*Frank J. Sheets,* for plaintiff.

*Anthony A. Vermeulen,* for defendant.

BEFORE:  LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 665 *et seq.*

Per Curiam. Plaintiff appeals the dismissal of her motion to revise property and alimony provisions of a decree of divorce. The parties were divorced in July, 1958, by a decree which awarded plaintiff a property settlement of $18,000 and specifically denied her any alimony. Plaintiff filed the present action on July 19, 1968, seeking amendment of the divorce decree to provide alimony and revise the property settlement, and alleging fraud in procurement of the stipulation on which the 1958 decree was based.

The trial court correctly ruled that it could not amend or modify the decree of divorce to provide for alimony where the original decree denied any alimony. *Ballentine* v. *Ballentine* (1959), 357 Mich 7. Similarly, the courts cannot modify a property settlement embodied in a final decree except on a showing of fraud. *Pierson* v. *Pierson* (1958), 351 Mich 637. Plaintiff alleges fraud but fails to set forth any facts which would support such allegation or apprise defendant of what he is required to defend. See *Dutkiewicz* v. *Bartkowiak* (1964), 372 Mich 386.

Plaintiff's complaint failed to state any ground for relief and was properly dismissed.

Affirmed. Plaintiff to pay costs of appeal.