COPELAND v COPELAND

Docket No. 53724. Submitted June 3, 1981, at Detroit.—Decided
    September 22, 1981.

> Jacquelyn Copeland, plaintiff, and Timothy Copeland, defendant,
> were divorced pursuant to a judgment of divorce entered in
> Wayne Circuit Court. The plaintiff was given custody of the
> parties' child and defendant was ordered to pay child support.
> Subsequently, the plaintiff terminated her full-time employ-
> ment and became a student. Plaintiff thereupon filed a motion
> in Wayne Circuit Court to increase the amount of the defen-
> dant's child support payments. Thomas J. Foley, J., acting for
> John M. Wise, J., entered an order increasing the amount of
> the defendant's child support payments for one year. The
> defendant appeals. *Held:*
>
> The trial court's order granting the support modification was
> based fundamentally on the needs of the custodial parent and
> not the child. Any upward modification of the defendant's
> support payments will ultimately benefit the child if only
> because the minor's household will enjoy a greater income than
> it otherwise would have had. However, the mere fact that some
> tangential benefit will flow to the child is not a sufficient basis
> for modifying the non-custodial parent's support obligations.
> Since the judgment of divorce provided that no alimony shall
> be paid, the decree cannot be modified to require one party to
> contribute to the maintenance of the other party.
>
> Reversed.

1. PARENT AND CHILD — CHILD SUPPORT.

> Child support payments are not considered the property of the
> custodial parent and are solely for the benefit of the child; the
> amount of support payments is measured by the needs of the
> child independent of the needs of the custodial parent.

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parent and Child § 50.

[2] 24 Am Jur 2d, Divorce and Separation §§ 557, 670, 671, 909.

[2] Divorce: power of court to modify decree for alimony or support to
    spouse which was based on agreement of parties. 61 ALR3d 520.

[3] 59 Am Jur 2d, Parent and Child § 56.

2. Divorce — Alimony.

   A divorce decree cannot be modified to require one party to contribute toward the maintenance of the other where the judgment of divorce provided that no alimony shall be paid; an obligation to pay alimony may be modified where alimony was awarded or explicitly reserved as a possibility in the divorce decree.

3. Parent and Child — Child Support.

   An increase in the custodial parent's earnings, in and of itself, is not a change in circumstances justifying diminishment of the non-custodial parent's duty of support.

*Ruth B. Acevedo,* for defendant.

Before: Bronson, P.J., and R. M. Maher and F. X. O'Brien,* JJ.

Bronson, P.J. Defendant appeals as of right from an order entered May 20, 1980, in the Wayne County Circuit Court, modifying the child support provision of the parties' August 30, 1977, divorce decree. By this modification defendant's support obligation was increased from $40 to $50 per week for a period of one year.

The petition for the modification of child support stated that plaintiff was seeking an increase because she had terminated full-time employment and was a student. Plaintiff was pursuing an educational program which would ultimately qualify her to work as a registered nurse. Following an evidentiary hearing, the trial court increased defendant's child support obligation.

We do not possess a copy of the transcript of the evidentiary hearing. However, the trial court's reasons for modifying the support obligation are set forth in the transcript of proceedings relating to defendant's motion for rehearing. During these

* Circuit judge, sitting on the Court of Appeals by assignment.

proceedings the following statements relevant to this dispute were made:

> *"The Court:* The purpose of it [the modification] is this: If this is the position, then wait, I will change it the other way, if you like. I won't make—I will make it alimony for the brief time and make it more than the amount than the child support was plus alimony. For, she is putting herself in the position where he won't have to pay as much for the child, because she will help support the child. Right now she is working as an admitting clerk or—
>
>      \*  \*  \*
>
> *"Ms. Acevedo [defense attorney]:* —[His earnings] [a]re approximately ten percent net more than they were at the time the judgment entered, and yet the Court increased child support by twenty-five percent, not pursuant to any needs of the children, but—
>
> *"The Court:* —Pursuant to the wife's desire to go to nursing school. It would be for the best interest of the child for the wife to be in the position to support the child better, and she's not in a position to pay it. There is a ten percent increase in his earnings—."

The sole issue on appeal is whether plaintiff's decision to quit her job and return to school constitutes a change of circumstances justifying an increase in defendant's child support obligation pursuant to MCL 552.17; MSA 25.97. We hold that the trial court erred in increasing the child support obligation of defendant on this basis.

Child support payments are not considered the property of the custodial parent and are solely for the benefit of the child. Support is measured by the needs of the child independent of the needs of the custodial parent. *Gallagher v Dep't of Social Services,* 24 Mich App 558, 566-568; 180 NW2d 477 (1970).

In the case sub judice, the trial court's order

granting the support modification was based fundamentally on the needs of the custodial parent and not the child. The court's own statements clearly reveal that the child support modification was really a subterfuge to benefit plaintiff. While the trial court is undoubtedly correct in stating that plaintiff's ability to earn higher wages will ultimately benefit the child, sufficient nexus between the minor's needs and the modification was not established. Any upward modification of support payments will ultimately benefit the child if only because the minor's household will enjoy a greater income than it otherwise would have had. However, the mere fact that some tangential benefit will flow to the child is not a sufficient basis for modifying the non-custodial parent's support obligations.

Due to the fact that plaintiff may again attempt to obtain some form of increased support from defendant, we find it necessary to address certain statements made by the trial court.[1] The court's remarks at the time of the rehearing on the modification suggested that it could modify the divorce decree in respect to its alimony provision. While an obligation to pay alimony may be modified where alimony was awarded or explicitly reserved as a possibility in the divorce decree, where, as here, the judgment of divorce provided that no alimony shall be paid, the decree cannot be modified to require one party to contribute toward the maintenance of the other. *Ballentine v*

---

[1] Thus, we do not foreclose by this opinion a modification of the child support award. If plaintiff's good faith desire to further her education resulted in a demonstrable increased need on the part of the child then this could be a sufficient basis for modifying the support award. However, if no such demonstrable increased need is occasioned by plaintiff's decision to go back to school, no modification is appropriate merely because total household income will decline as a result of the parent's choice to pursue further education.

*Ballentine,* 357 Mich 7; 97 NW2d 620 (1959), *Ferr-era v Ferrera,* 16 Mich App 661; 168 NW2d 475 (1969).

We further note that an increase in the custodial parent's earnings, in and of itself, is not a change in circumstances justifying diminishment of the non-custodial parent's duty of support. *Renn v Renn,* 318 Mich 230, 235; 27 NW2d 618 (1947), *Slater v Slater,* 327 Mich 569, 571; 42 NW2d 742 (1950), *Verbeke v Verbeke,* 352 Mich 632, 635; 90 NW2d 489 (1958). The trial court apparently considered that in the long term defendant's child support obligation would be lessened as a product of plaintiff's improved earnings. Thus, one of the trial court's reasons for granting the modification was based on an incorrect view of the law.

Reversed.