RICKNER v FREDERICK

Docket No. 111964. Decided March 19, 1999. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, vacated the judgment of the circuit court, and remanded the case to the circuit court for further proceedings.

Sharon L. Rickner sought postdivorce reinstatement of previously canceled alimony in the Jackson Circuit Court. The court, Edward J. Grant, J., denied relief. The Court of Appeals, NEFF, P.J., and SAWYER and MURPHY, JJ., affirmed in an unpublished opinion per curiam, holding that, under MCL 552.28; MSA 25.106, the circuit court lacked authority to reopen the matter (Docket No. 201869). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices BRICKLEY, CAVANAGH, TAYLOR, CORRIGAN, and YOUNG, the Supreme Court held:

In enacting MCL 552.28; MSA 25.106, the Legislature intended, in cases in which alimony is initially ordered, that the court retain the power to make necessary modifications in appropriate circumstances. Thus, the circuit court has the authority in this case to entertain the plaintiff's petition to reinstate alimony.

Reversed and remanded.

Justice KELLY, concurring, stated that the Supreme Court should have addressed the appropriateness of the trial court's December 19, 1991, order conditioning alimony upon plaintiff's not residing with a member of the opposite sex without benefit of marriage. While parties generally are free to contract for a wide range of alimony contingencies, the same conditions imposed by a trial court should be more closely scrutinized on appeal.

In this case, the trial court apparently imposed the noncohabitation condition on its own initiative. That imposition and its decision to terminate alimony without the benefit of a hearing on the merits raise significant due process and equal protection issues.

Legal Services of Southeastern Michigan, Inc (by *Jerrold Schrotenboer*), for plaintiff-appellant.

*Potter & Girodat, L.L.P.* (by *Frederick W. Girodat, II*), for defendant-appellee.

PER CURIAM. In these postdivorce proceedings, the circuit court denied a petition to reinstate alimony, ruling that it no longer had jurisdiction to grant the petition. The Court of Appeals affirmed. We reverse the judgment of the Court of Appeals, vacate the judgment of the circuit court, and remand this case to the circuit court for further proceedings.

I

The plaintiff and the defendant were married in 1966. In 1988, the plaintiff filed a complaint for divorce. By that time, the parties' three children had reached the age of majority.

In early 1989, the circuit court entered an interim support order that required the defendant to pay $750 a month in temporary alimony.[1] The judgment of divorce was entered in May 1989. It provided:

ALIMONY

IT IS FURTHER ORDERED AND ADJUDGED that said Plaintiff shall receive $750.00 per month by Defendant through the Jackson County Friend of the Court, until further Order of this Court or the death or remarriage of the Plaintiff, and said Friend of the Court is hereby directed to transmit all sums of money so paid to the said Plaintiff.

IT IS FURTHER ORDERED AND ADJUDGED that Alimony shall be automatically reviewed in two (2) years and will also be automatically reviewed at the time of the Defendant's retirement period.

---

[1] The phrase "spousal support" now is often employed in statutes and court rules. However, the word "alimony" appears throughout this record and in the statute on which we base our decision, and thus we shall use that term.

The judgment also included this paragraph:

CONTINUING JURISDICTION PROVISION

IT IS FURTHER ORDERED AND ADJUDGED that this Court reserves jurisdiction of and over all of the subject matter in these proceedings and of each and all the parties to take such steps and proceedings as may be necessary or to the Court may seem proper and carry out all and singular the duties and obligations set forth herein.

In July 1990, the defendant filed a petition to terminate or modify the alimony.[2] In his motion, the defendant said that the plaintiff was cohabiting with an unrelated member of the opposite sex. He further asserted a material change of circumstances—he was facing additional expenses related to a remarriage and a blended family that included five college-age children. He further recited that "changes in the business climate" meant that his $750 monthly alimony obligation represented half his net pay. In August 1990, the circuit court denied the defendant's petition.

In conjunction with the two-year review specified in the judgment of divorce, the Friend of the Court prepared a detailed report in late 1991. Finding strengths and weaknesses in the positions of both parties, an FOC investigator recommended that the alimony be increased, but that "the Judgment of Divorce be modified so that alimony terminates in the event of plaintiff's death, remarriage or in the event that she

---

[2] In the course of this litigation, both parties have sought to modify the alimony (the defendant by motion and the plaintiff by request to the Friend of the Court). Thus, it is apparent that both accept that the original award was subject to modification. Accordingly, as in *Stroud v Stroud*, 450 Mich 542, 548, n 3; 542 NW2d 582 (1995), we have no occasion to revisit the principles governing when alimony is subject to modification and when it is not.

resides with the member of the opposite sex without the benefit of marriage." The circuit court agreed. In December 1991, it raised the alimony obligation to $945.70 per month and ordered:

> The Judgment of Divorce is further modified to provide that the Defendant's obligation to pay alimony shall terminate on the Plaintiff's death, remarriage or residence with a male person to whom she is not married or related.

It does not appear that a hearing was conducted with regard to these changes. There was no appeal of this order.

In mid-September 1992, an FOC referee examined this matter again. In handwritten findings, he described the situation in this manner:

> Marriage of the Payee scheduled Sept. 22, 1992, to Charles Minix, Payee admitting cohabitation as of August 30, 1992, ostensibly for reasons of having to break a lease, the monthly income for this household based upon retirement benefits of the prospective husband being on the order of 1500.00 per month.

That day, the circuit court entered an order that included the handwritten phrase, "support being reserved pursuant [to] the prior order of the Court . . . ." Again, there was no appeal.

Late in October 1993, another referee concluded:

> It appears that alimony was reserved as of 9/16/92, after it was determined that plaintiff was cohabitating with a member of the opposite sex. The FOC is still charging alimony. The alimony charges are to be reserved as of the date of the applicable order (9/16/92), with accounting to adjust the balance accordingly. Accounting is further directed to transmit an audit and ledger to both parties after this adjustment

is made. Defendant is to make payments on any balance
owed after the alimony arrearage is ascertained.

The circuit court's October 1993 order directed that
"all alimony charges that accrued after 9/16/92" were
to be canceled.

In January 1994, on recommendation of the referee,
the circuit court ordered that "[t]he file is to be
closed."

Nearly two years after the file was closed (and
more than three years after alimony was stopped),
the plaintiff filed a November 1995 petition to rein-
state the alimony. She cited a "serious decline in her
health,"[3] which left her unable to work. With regard
to her living arrangements, she said that she lived
with Mr. Minix for less than a month, until just before
the marriage that had been planned for September
1992. She acknowledged that she later lived for four-
teen months with a man named Elster Ford, to whom
she paid $200 a month "in addition to performing
domestic work around the home." Later, she "found a
roommate named Mr. Bill Bailey and shared with him
a two-bedroom apartment where each had their own
bedroom" and "[t]hey split all expenses." Because she
was no longer cohabitating, she sought reinstatement
of the alimony.

With regard to the authority of the court to enter
such an order, the plaintiff cited MCR 2.612(C)(1)(f),
which allows a court to grant relief from judgment for
"[a]ny other reason justifying relief from the opera-

---

[3] The 1991 report of the FOC investigator indicates that the plaintiff was
diagnosed with multiple sclerosis in 1984, though she told the investigator
in 1991 that the only symptom was that she tired easily. However, her
1995 petition indicated that the condition had worsened substantially.

tion of the judgment." The plaintiff also cited MCL
552.28; MSA 25.106, which provides:[4]

> On petition of either party, after a judgment for alimony
> or other allowance for either party or a child, or after a
> judgment for the appointment of trustees to receive and
> hold property for the use of either party or a child, and sub-
> ject to [MCL 552.17;  MSA 25.97], the court may revise and
> alter the judgment, respecting the amount or payment of
> the alimony or allowance, and also respecting the appropri-
> ation and payment of the principal and income of the prop-
> erty held in trust, and may make any judgment respecting
> any of the matters that the court might have made in the
> original action.

The circuit court heard the petition in December
1995, and denied relief:

> The Court is satisfied that the statute in question and the
> Court Rule, Michigan Court Rule 2.612(C)(1)(f)   do not
> apply to this case.
>
> [Defense counsel's] position is well taken by this Court,
> that there must come a time where these matters are over
> with. The alimony has been terminated. To think then that
> person could come in in five years, ten years, 20 years later
> and ask again that alimony be reinstated, the Court finds to
> be a situation that simply would never put matters to rest.
> One would never know when the othe[r] party might decide
> that they want to come in and at least file a motion. Maybe
> they can't meet the criteria, as has been pointed out by
> counsel, because there are certain criteria, but these mat-
> ters have to be laid to rest.
>
> . This matter was laid [to] rest when apparently the peti-
> tioner decided she was going to reside with a person of the
> opposite sex, knowing full well that that was apparently in
> violation of the order that had been entered by [the circuit

---

[4] The quoted language is from MCL 552.28; MSA 25.106, as amended by
1992 PA 290. In pertinent part, the prior version, enacted by 1970 PA 182,
was not substantively different.

court] on December 19 of 1991. She made her choice. She didn't have to make that choice. [The circuit court] made the choice and terminated the alimony.

The Court dismisses then the motion to reinstitute alimony.

The Court of Appeals affirmed.[5] Focusing on the statute,[6] the Court said that the statute did not give the circuit court authority to reopen this matter:

Such a provision is generally held to write in a reservation of the power to modify an award of alimony. See, e.g., *Butler v Butler*, 356 Mich 607, 617; 97 NW2d 67 (1959). However, it is well settled that where no provision is made for alimony or the question is not reserved, the court is powerless to grant any alimony in the future. *Ballentine v Ballentine*, 357 Mich 7, 8; 97 NW2d 620 (1959); *Copeland v Copeland*, 109 Mich App 683, 686; 311 NW2d 452 (1981).

In the present case, the initial judgment of divorce expressly reserved jurisdiction to modify the judgment in light of future developments, and subsequent modifications did not clearly indicate an intention to terminate jurisdiction over the matter. However, the trial court's order entered after the October 1993 review, terminated alimony as of September 16, 1992, and expressly provided that the "file is to be closed and deleted," thus terminating alimony with finality, and effectively abrogating the reservation of continuing jurisdiction provided for in the initial judgment of divorce. Because the trial court terminated alimony and closed the case, the court correctly ruled that MCL 552.28; MSA 25.106 did not apply.

---

[5] Initially, the Court of Appeals denied an application for leave to appeal. Order of the Court of Appeals, entered May 3, 1996 (Docket No. 191541). However, this Court remanded the case for consideration as on leave granted. 454 Mich 876 (1997). On remand, the Court of Appeals decided this case in an unpublished opinion per curiam, issued March 27, 1998 (Docket No. 201869).

[6] The Court of Appeals declined to address the issue concerning the court rule on the ground that "plaintiff fails to support her position with cogent argument and relevant citations to authority . . . ."

In its denial of plaintiff's motion for reinstatement of alimony, the trial court noted that alimony was terminated because of plaintiff's defiance of the court's order not to live with a male to whom she was neither married nor related. Plaintiff apparently refuses to recognize that the trial court's authority under MCL 552.28; MSA 25.106 is broad enough to terminate alimony and to refuse to reinstate it. We find no error here.

The plaintiff has applied to this Court for leave to appeal.[7]

II

An anchoring principle of our jurisprudence, and the foremost rule of statutory construction, is that we are to effect the intent of the Legislature. In doing so, we begin with the language of the statute—if the Legislature has crafted a clear and unambiguous provision, we assume that the plain meaning was intended, and we enforce the statute as written. See *People v Venticinque,* 459 Mich 90, 99; 586 NW2d 732 (1998), *Anzaldua v Band,* 457 Mich 530, 534-535; 578 NW2d 306 (1998), *McKenzie v Auto Club Ins Ass'n,* 458 Mich 214, 217; 580 NW2d 424 (1998), *People v Webb,* 458 Mich 265, 273-274; 580 NW2d 884 (1998), and a host of earlier decisions.

In this instance, we are faced with a statute that simply provides that "[o]n petition of either party, after a judgment for alimony . . . the court may revise and alter the judgment, respecting the amount or payment of the alimony . . . , and may make any

---

[7] The plaintiff has also filed a motion to waive fees and costs. Such motions were granted by the circuit court and by the Court of Appeals (order of the Court of Appeals, entered March 6, 1996, Docket No. 191541). We likewise grant the motion.

judgment respecting any of the matters that the court
might have made in the original action." MCL 552.28;
MSA 25.106. This is a case in which the court origi-
nally provided alimony, and thus continuing jurisdic-
tion is plainly provided by the statute.[8]

This conclusion is buttressed by the absence of a
prior Michigan appellate decision holding that the
statutory power to modify is extinguished if it is once
exercised to eliminate alimony. Further, the statutory
power to modify is not dependent on triggering lan-
guage in the judgment. *Butler v Butler, supra* at 616-
617.

For these reasons, we are persuaded that the
proper reading of the statute is that the Legislature
intends, in cases in which alimony is initially ordered,
that the court retain the power to make necessary
modifications in appropriate circumstances.[9]

In finding that the circuit court had the authority to
grant the plaintiff's petition to reinstate alimony, we
do not rule on the merits of her petition.[10] Our ruling

---

[8] The Court of Appeals distinguished *Stone v Stone*, 349 Mich 162, 174;
84 NW2d 338 (1957), on the ground that alimony was canceled with an
express reservation of the right to petition later for its resumption. Per-
haps a better analysis of *Stone* is that it simply did not include considera-
tion of the present question.

[9] In this regard, we note an inconsistency in the opinion of the Court of
Appeals. After stating that "the [circuit] court correctly ruled that MCL
552.28; MSA 25.106 did not apply," the Court chided the plaintiff, who
"apparently refuses to recognize that the trial court's authority under MCL
552.28; MSA 25.106 is broad enough to terminate alimony and *to refuse to
reinstate it*" (emphasis supplied).

[10] Thus, we do not rule on whether a judgment provision calling for the
end of alimony upon a particular occurrence (e.g., remarriage, cohabita-
tion, or change in income) requires, allows, or prohibits a resumption of
alimony when circumstances revert (e.g., a subsequent divorce, an end to
the cohabitation, or a return to prior income level). Likewise, we do not
comment on the significance, if any, of the word "reserved" in the Septem-
ber 1992 order that directed a cessation of alimony. Nor do we suggest

today is limited to a determination that MCL 552.28; MSA 25.106 authorizes the circuit court to entertain the plaintiff's petition to reinstate alimony in this case.

Accordingly, we reverse the judgment of the Court of Appeals, vacate the judgment of the circuit court, and remand this case to the circuit court for consideration of the plaintiff's petition to reinstate. MCR 7.302(F)(1).

WEAVER, C.J., and BRICKLEY, CAVANAGH, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

KELLY, J. (*concurring*). I concur in the holding that MCL 552.28; MSA 25.106 authorizes the circuit court to entertain the plaintiff's petition to reinstate alimony. However, I write separately to express my concern about one aspect of this Court's decision. The Court should have addressed the appropriateness of the trial court's December 19, 1991, order conditioning alimony upon plaintiff's not residing with a member of the opposite sex without benefit of marriage.

Parties are generally free to contract for a wide range of alimony contingencies. However, the same conditions imposed by a trial court should be more closely scrutinized on appeal. In this case, the trial court apparently imposed the noncohabitation condition on its own initiative. That imposition, as well as the trial court's later decision to terminate alimony without the benefit of a hearing on the merits, raises

what significance, if any, the circuit court should attach to the plaintiff's decision not to appeal the December 1991 cohabitation provision and the September 1992 cessation of alimony. Finally, as noted in footnote 2, we intend no comment on the principles stated in *Pinka v Pinka*, 206 Mich App 101; 520 NW2d 371 (1994).

significant due process and equal protection issues. In addition, a discussion of the trial court's sua sponte action would provide guidance to future courts. Thus, I would grant leave to consider the appropriateness of the trial court's unsolicited imposition of a noncohabitation requirement as a condition to the receipt of alimony.