# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD JAMES COSTINE,

       Plaintiff-Appellee,

v

JENNIFER ANN RENKOWSKI,

       Defendant-Appellant.

UNPUBLISHED
April 4, 2017

No. 330617
Calhoun Circuit Court
Family Division
LC No. 2014-002310-DM

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

In this divorce action, defendant, Jennifer Ann Renkowski, appeals as of right the trial court's order denying spousal support. We affirm.

## I. PERTINENT FACTS

The parties were married on July 24, 2004, and had two children during the marriage. Long-brewing marital discord came to a boil in February 2014. The parties sold the marital home in Battle Creek, each receiving approximately $12,000 in proceeds. Plaintiff bought a house in Marshall with his share of the proceeds, while defendant moved into her mother's vacant house in Warren. There was no formal custody agreement during the parties' separation.

After an unsuccessful attempt to reconcile, plaintiff filed for divorce in August 2014. In the fall, the parties agreed that the children would stay in Marshall and attend Marshall Academy. In December 2014, plaintiff moved for a temporary custody order, parenting time, and child support. Subsequently, the parties signed and the court entered a temporary order granting plaintiff parenting time from Sunday 6:00 p.m. until Friday 6:00 p.m., with defendant having the remainder of time during the school year. The order granted plaintiff 48 consecutive hours of parenting time each week during the summer, with defendant receiving the remainder of the time.

After a bench trial held over two days, the trial court granted the divorce and awarded the parties joint legal custody and plaintiff primary physical custody. The first proposed judgment of divorce was filed October 6, 2015. Relevant to the instant appeal, the proposed judgment stated:

IT IS FURTHER ORDERED AND ADJUDGED that there shall be no spousal support paid to either party and spousal support and any claim thereto from either party is hereby forever barred.

On October 16, 2015, defendant filed a motion for spousal support. Three days later, she filed her objections to the proposed judgment of divorce with the court. Notably, she did not object to the provision in the proposed judgment related to spousal support. On October 19, 2015, a new judgment of divorce was noticed for entry on October 26. Defendant filed five specific objections to that proposed judgment, again none of which related to the spousal support language. The trial court entered the judgment of divorce on October 26, 2015.

At the hearing on defendant's motion for spousal support, defendant's recently retained co-counsel argued that there was "a grave income disparity" between plaintiff and defendant, with defendant earning approximately $25,000 annually as a teacher, and plaintiff earning approximately $70,000 as an assistant fire chief. Contending that spousal support "was not disposed of" in the judgment or in the court's findings and decision, the new co-counsel suggested that the court had three options. The court could rule that the parties waived the issue because they did not raise it in the course of litigation, could deny the motion outright, or could review the facts and decide that equity calls for an award of spousal support. The trial court denied the motion, reasoning as follows:

> [Spousal support] was not raised as an issue in the pleadings. The parties went through the trial [and] never raised [it] as an issue in the trial, mediation or anything else. The Court, of course, has an obligation to see that in any case involving a divorce that the judgment that's rendered whether it be by agreement or by the Court's decision after trial or whatever is equitable. And if there was any indication that there was an inequity between the parties during the course of the trial that would have required that spousal support despite not having been raised and not having been tried was something that needed to be addressed between the parties even though they hadn't raised it and hadn't tried it, then the Court would have an obligation of course to see that any inequity between the parties would be addressed. So you have a point to some extent. However, my recall . . . is that there was nothing indicating that there was such a disparity between the parties' incomes that the matter of spousal support needed to be addressed despite the fact the parties hadn't raised it and hadn't pled it and hadn't tried it. . . .

Defendant next filed a motion for reconsideration of the judgment of divorce, raising many of the same arguments as in her motion for spousal support, but including the new claim that the trial court's "analysis of the best interest factors was heavily influenced by the financial conditions of the parties." The trial court denied that motion as merely presenting the same issue previously ruled on and failing to demonstrate palpable error. This appeal followed.

## II. ANALYSIS

## A. STANDARD OF REVIEW

We review factual findings in a divorce case for clear error. *Sparks v Sparks*, 440 Mich 141, 149-150; 485 NW2d 893 (1992). A finding is clearly erroneous if our review of the entire record leaves us with a definite and firm conviction that the trial court made a mistake. *Beason v Beason*, 435 Mich 791, 805; 460 NW2d 207 (1990). If we uphold the findings of fact, we then consider whether "the dispositive ruling was fair and equitable in light of those facts." *Sparks*, 440 Mich at 152. We will affirm the dispositive ruling unless we are "left with the firm conviction that the division was inequitable." *Id*.

## B. SPOUSAL SUPPORT

Defendant first argues that the trial court should have conducted a spousal support review and that any language restricting the modification of spousal support in the judgment of divorce must be stricken because it is in violation of statutory law and caselaw. We disagree.

"The primary purpose of spousal support is to balance the incomes and needs of the parties in a way that will not impoverish either party on the basis of what is just and reasonable under the circumstances of the case." *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124, 127 (2010) (quotation marks and citation omitted). Parties may agree on an award of spousal support in an enforceable antenuptial, postnuptial, or settlement agreement. See e.g., MCL 557.28 (addressing antenuptial agreements); *Rockwell v Estate of Rockwell*, 24 Mich App 593, 180 NW2d 498 (1970) (regarding postnuptial agreements); *Staple v Staple*, 241 Mich App 562; 616 NW2d 219 (2000) (related to the parties' agreement regarding spousal support). A party may also request spousal support in an action for divorce, in which case the party "must allege facts sufficient to show a need for such support and that the other party is able to pay." MCR 3.206(A)(6). If spousal support is contested, on stipulation of the parties, a court can refer the issue to nonbinding domestic relations mediation, MCR 3.216 (C)(1), or to some other agreed-upon settlement procedure, MCR 3.216(A)(4). In addition, when the property award is insufficient to provide for the suitable support of a party and any children committed to him or her, the court has the discretion to award spousal support to that party after considering all of the circumstances of that particular case. MCL 552.23(1).

Once a court enters an award of spousal support, the court may, upon petition of either party,

> revise and alter the judgment, respecting the amount or payment of the alimony or allowance, and also respecting the appropriation and payment of the principal and income of the property held in trust, and may make any judgment respecting any of the matters that the court might have made in the original action. [MCL 552.28.]

However, it is well settled that where a judgment of divorce that denies spousal support becomes final, a court may not subsequently revise or alter the judgment to make an award of spousal support. *Rickner v Frederick*, 459 Mich 371, 379; 590 NW2d 288 (1999); *Ballentine v Ballentine*, 357 Mich 7, 8; 97 NW2d 620 (1959); *Copeland v Copeland*, 109 Mich App 683, 686;

311 NW2d 452 (1981); *Ferrera v Ferrera*, 16 Mich App 661, 662; 168 NW2d 475 (1969). A judgment of divorce that does not grant spousal support must include a provision reserving or denying support; in the absence of such a provision, spousal support is reserved. MCR 3.211(B)(4).

Turning first to the second part of defendant's issue, we note that defendant relies on MCL 552.28 and *Staple*, 241 Mich App 562 (2000) to argue that the provision in the judgment of divorce barring the parties from future claims on spousal support is contrary to statutory authority and to caselaw. Defendant is mistaken with respect to both.

As indicated above, MCL 552.28 authorizes a court to modify a spousal support award contained in a judgment of divorce. However, when the judgment of divorce expressly denies a spousal support award, the court is without authority to revise the judgment to make an award. *Rickner*, 459 Mich at 379; *Ballentine*, 357 Mich at 8; *Copeland*, 109 Mich App at 686; *Ferrera*, 16 Mich App at 662.

Defendant's argument from *Staple* is also unavailing. Defendant relies on *Staple* for the proposition that parties can waive modification of a spousal support provision if the parties agree that the award is binding and nonmodifiable, and if such agreement is expressed in the judgment of divorce. *Staple*, 241 Mich App at 568-569. Defendant argues therefrom that, because she did not agree that the spousal support provision at issue here was binding and nonmodifiable, the trial court erred in denying her motion for spousal support. However, *Staple* involved a consent judgment of divorce that required one party to pay spousal support to the other party for six years. *Id*. at 569-571. In other words, unlike the present case, the judgment of divorce at issue in *Staple* actually contained a provision granting spousal support and, therefore, the court had the authority under MCL 552.28 to modify it, absent the parties' clearly expressed intent to the contrary. In sum, neither MCL 552.28 nor *Staple* provides the authority for the trial court in this case to modify the provision in the judgment of divorce denying spousal support.

Turning next to the remainder of the issue, we observe that defendant correctly points out that the trial court made no findings of fact regarding spousal support. However, the record establishes, and defendant conceded at the hearing on her motion for spousal support, that she did not raise the issue of spousal support at any time during the litigation. Defendant did not request spousal support in her answer to plaintiff's complaint or by filing a counter-complaint. She did not raise spousal support as a contested issue at the December 2, 2014, scheduling conference, as evidenced by the court's scheduling order, issued "after having consulted with the parties" and identifying custody, child support, parenting time, and property division as the matters in dispute, but not spousal support.[1] Defendant also did not raise spousal support as an issue at the parties' February 4, 2015 mediation, or their March 10, 2015 settlement conference. At the start of the two-day bench trial, counsel for defendant opened by explaining defendant's position on each of the contested issues identified in the scheduling order, emphasizing that

---

[1] The record contains the court's preprinted scheduling order form, and shows that the trial judge placed checkmarks next to the identified issues. He did not place a checkmark next to "spousal support."

defendant's main concern was to obtain primary physical custody of the children. Accordingly, defendant did not raise the issue of spousal support at trial. Therefore, because the parties presented no facts regarding spousal support at trial, we decline to conclude that the trial court's failure to make findings about spousal support somehow constitutes clear error.

The gravamen of defendant's argument with regard to this issue is that the trial court should have addressed spousal support under the authority granted by MCL 552.23(1)[2] because of the disparity in the parties' income. We first note that defendant misconstrues the effect of the referenced statute. MCL 552.23(1) does not obligate the trial court to consider an award of spousal support; spousal support is awarded at the court's discretion. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012). Rather, the effect of the statute is to authorize a court to use its discretion in making an award if the property award is insufficient to provide for the suitable support of a party and any children committed to that party.

Further, we cannot readily agree with the premise of defendant's argument, which is that the trial court failed to consider whether an award of spousal support was necessary to affect an equitable settlement. As is clear from the reasoning of the court quoted above, the court was fully aware of its obligation to fashion an equitable judgment, and that this obligation extended to consideration of issues not raised by the parties, but found nothing to indicate that equity called for an award of spousal support to narrow the gap between the parties' incomes. Although defendant argues otherwise, she does not contend that the property awarded her in the judgment of divorce was insufficient to provide suitable support for her, MCL 552.23(1), nor does she set forth specific facts showing her need for spousal support or plaintiff's ability to pay such support, MCR 3.206(A)(6).

Trial testimony regarding income and expenses went primarily to each party's ability to pay child support. Although the record reflects a gap in wages, it also shows that the gap is attributable in part to certain choices defendant made during the time the parties were trying to salvage their marriage. Defendant testified at trial that she was 45 years old, healthy of mind and body, and had recently renewed her teacher's certification. She also testified that she worked only nine months out of the year, was in debt because she did not receive any income during the summer months, and that her mother, into whose vacant house defendant moved after the couple

---

[2] MCL 552.23(1) provides:

> (1) Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage who are committed to the care and custody of either party, the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

sold their marital home and while they were still trying to save their marriage,[3] helped with her expenses when necessary. However, defendant conceded that she was voluntarily working beneath her education and skill level. She has a Master's degree in education and worked for 16 years in the Kalamazoo Public Schools. She voluntarily quit a job at Marshall Academy that provided income all year long after receiving plaintiff's divorce complaint, declined the Academy's subsequent offer of another teaching job, and elected not to pursue employment during the summer in order to be available to her children during her extended parenting time. Defendant testified that, during the previous school year, she had worked a maximum of 35 hours per week for ATS Educational Services out of Clinton Township, earning $18 per hour, and that she could return there in the fall, but was actively looking for a fulltime teaching job. At no point did defendant indicate that she needed spousal support to help her through the transition period or to support her needs going forward. Not only did defendant not make spousal support an issue before or during trial, but even after the proposed judgment of divorce showed that the trial court had exercised its discretion to deny spousal support and to bar the parties from seeking it in the future, she did not object to that provision in the proposed judgment.[4]

We conclude that the trial court's decision to deny spousal support and bar any future claim thereto was not inequitable under the facts of this case. It is clear from the record that spousal support was not an issue for defendant prior to or at trial, or in her responses to the proposed judgment of divorce. The record also shows that, although defendant was experiencing some economic hardship at the time of trial, she is relatively young, in good health, has substantial experience in the workplace, and her qualifications, experience, and skill were sources of unrealized earning potential that she had deliberately elected not to exploit during the summer and prior school year. Further, at no time has defendant alleged specific facts showing that she needs, and plaintiff can pay, spousal support and, therefore, that an award of spousal support would properly, justly, and reasonably balance the income and the needs of the parties under the circumstances of this case. *Myland*, 290 Mich App at 695 (quotation marks and citation omitted). The trial court having properly entered the provision denying spousal support, the court was then without the authority to modify it to make an award, and properly denied defendant's motion for spousal support.

---

[3] Defendant testified that at the time she moved into her mother's vacant house after selling the home, she still worked at Marshall Academy, still received a year-round salary, and was still married to plaintiff, and expecting that they would be able to resolve their problems. She said that when she moved to the house in Warren, the house had been vacant for a year because her mother was in an assisted living facility, and "a vacant home is a dangerous thing. I needed to be there." She also testified that the home provided a stable environment for the children, and she did not intend to change it.

[4] Notably, defendant filed her motion for spousal support three days before filing her objections to the proposed judgment of divorce.

C.  EFFECT OF INCOME DISPARITY ON CUSTODY DETERMINATION

Defendant next argues that, because the trial court never considered spousal support, the court erred in relying on the disparity of incomes when analyzing the statutory best-interest factors.  Because the record is clear that the trial court did not grant custody of the children to plaintiff because of his higher income and that spousal support would not have changed the outcome, defendant's claim lacks merit.

The child's best interests require consideration of the following factors:

(a)  The love, affection, and other emotional ties existing between the parties involved and the child.

(b)  The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c)  The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d)  The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e)  The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f)  The moral fitness of the parties involved.

(g)  The mental and physical health of the parties involved.

(h)  The home, school, and community record of the child.

(i)  The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j)  The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k)  Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*)  Any other factor considered by the court to be relevant to a particular child custody dispute.  [MCL 722.23.]

The trial court found that factors (a), (b), (e), (g), (h), and (j) did not favor either party. It found that factor (k) was not implicated because domestic violence was not present in the case, and it did not mention factor (*l*). The court found that factor (c) favored plaintiff, and factor (f) favored defendant. With regard to factor (c), the court distinguished between capacity and disposition and found the parties equal in terms of their willingness and inclination to provide for the children, but ultimately found that the factor favored plaintiff, whose higher income translated into a greater ability to provide the children with the material needs of life.

However, the dispositive factor in the view of the court was factor (d). The court reasoned that, "when children are undergoing the trauma of having their parents get a divorce and their lives are more or less shattered by mom going one place and dad going another, that the best interests of a child are met under ordinary circumstances by having them in a stable satisfactory environment[.]" Noting that the children had been in Marshall Academy throughout the divorce proceedings, and that the children were doing well in that environment, the court found that factor (d) favored plaintiff.

The trial court explained that it did not like a "mathematical" approach to the best-interest analysis, where the conclusion is based on which party who has more factors weighing in its favor than the other. Thus, even if the trial court had awarded defendant spousal support so that factor (c) would have favored neither party, or even would have favored defendant, the record gives us no reason to believe that this would have changed the trial court's determination that factor (d), which the court said "[had] a lot to do with this case[,]" favored plaintiff. Accordingly, the trial court did not base its decision to award custody of the children to plaintiff primarily on the parties' income disparity, but on the court's determination that remaining in the same satisfactory environment was in the children's best interests.

## III. CONCLUSION

For the reasons discussed above, we conclude that the trial court did not act inequitably in denying spousal support in the parties' judgment of divorce. Nor did the court err in denying defendant's motion for spousal support and motion for reconsideration of the judgment of divorce because it lacked the authority to modify the judgment of divorce to grant such an award. Finally, we conclude that defendant's claim that the court erred in considering the income disparity when conducting its best-interests analysis is without merit. The trial court did not award plaintiff custody based on his higher income, and the record in no way suggests that an award of spousal support to defendant would have altered the court's view that remaining with plaintiff in a stable environment was in the children's best interests.

Affirmed.

/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello